M. Michael Potoker, J.
Is a three and one-half-year-old child whose natural mother has now overcome the deficiencies that existed at the time the neglect proceeding was initiated to be adjudged a neglected child under the act? That is the precise question now facing this court.
The facts as established at the hearing are in all of its major aspects uncontroverted. The instant petition was brought by a maternal aunt who alleged that respondent mother’s excessive use of alcoholic beverages made it impossible for her to properly care for her female child. The petition was filed on July 29, 1970 when the child was seven months old. Respondent failed to appear in court on the return date and a warrant was issued for her arrest. A copy of said warrant was given to petitioner for execution. Nothing again was heard from either party until May 19,1972 although petitioner admits she was not only always aware of respondent’s whereabouts but in fact maintained a close relationship with her for the two-year period until the petition was reactivated.
Respondent readily admits drinking to excess to the extent where she sought her sister’s help for her child and voluntarily relinquished custody to petitioner until she was again able to properly care for her.
*349 At the direction of the court the Queens Society for the Prevention of Cruelty to Children conducted numerous investigations over the past year and reported its finding orally at the hearing and in writing. The reports indicated, and this was conceded, that petitioner desires to retain custody of the child until she feels that respondent is again able to provide the necessary maternal care and supervision.
Respondent has maintained contact with Rochelle on a consistent basis, has brought her clothes and toys and has contributed some money for her upkeep. The child has visited with her mother each weekend from Friday through Sunday evening. Petitioner admits that the child does not appear unhappy, neglected or abused upon return from weekends with her mother.
The evidence is clear that respondent has fully rehabilitated herself and has not reverted to her prior drinking habit. She is gainfully employed and maintains a two-bedroom apartment shared by her daughter on weekends and hopefully all week long in the future. The child and her mother love each other and it is the caseworker’s opinion that to continue the separation would be detrimental to both parties.
During the past year respondent has impressed the caseworkers of the Queensboro Society for the Prevention of Cruelty to Children with her consistent efforts and desires to improve hersélf and provide a good home, mother and future for her daughter. She has conquered her use of alcohol, which they described as a situational problem and not addictive, and has been successful in strengthening herself enough to take on full-child care responsibility.
The evidence also clearly establishes that respondent is no longer a neglectful mother. To make a finding of neglect at this time for her previous acts of indiscretion would tend to stigmatize respondent and in fact penalize her at a time when she has proven to one and all that she is capable in every respect of properly caring for her child.
The neglect statutes are concerned with parental behavior not as behavior per se, but only and solely as it adversely affects the child in those areas of the child’s life about which the statutes have expressed concern. The court’s duty in a child neglect proceeding is to determine whether, despite any past deficiency, children are at the time of hearing suffering or likely to suffer from neglect (Family Ct. Act, § 1011 et seq.; Matter of “ H ” Children, 65 Misc 2d 187; Matter of Vulon, 56 Misc 2d 19).
The court and the parties are fortunate that the Queensboro Society for the Prevention of Cruelty to Children has volun *350 teered to continue its services to assist this child in reuniting. with her mother.
The record dictates the dismissal of the petition and it is so ordered. Petitioner is directed to return the child to respondent within five days of receipt of this order. Parties, counsel and the Queensboro Society for the Prevention of Cruelty to Children are to be notified.