In the Matter of DANIEL C. and Other Children Under 16 Years of Age, Alleged to be Neglected. THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAULINE P., on Behalf of DANIEL C. and Another, Appellant, *v.* BUREAU OF CHILD WELFARE et al., Respondents.

First Department, March 18, 1975.

*Lisa H. Blitman* of counsel (*MFY Legal Services, Inc.*), for appellant.

*Murray L. Lewis* of counsel (*L. Kevin Sheridan* with him on the brief; *Adrian P. Burke, Corporation Counsel*), for Bureau of Child Welfare and others, respondents.

*Frederick J. Magovern* of counsel (*Bodell & Magovern, P. C.*, attorneys), for New York Foundling Hospital and another, respondents.

STEVENS, J. P. Petitioner appeals from an order of the Family Court, entered in New York County on December 1, 1972, (GARTENSTEIN, J.) which dismissed her habeas corpus proceeding and also made a finding that petitioner had neglected her children. She also appeals from a dispositional order entered June 18, 1973, in the same court by the same Judge, which directed that her three children be placed with the Commissioner of Social Services for a period of 18 months.

The record indicates that petitioner, the mother of three children, from time to time has required psychiatric treatment and short-term hospitalization. On one such occasion in December, 1969, she became ill and signed herself into Bellevue Hospital where she remained for six days. At that time she orally consented to placement of her children. After her release on February 11, 1970, she sought the return of her children. When the respondents refused to surrender custody, she instituted a proceeding for a writ of habeas corpus in Supreme Court, New York County, for the return of her children. Thereupon, a neglect petition was filed in Family Court against petitioner and the habeas corpus proceeding was transferred to the Family Court, where it was consolidated with the neglect proceeding for trial.

Petitioner asserts that she was assured the hearing would proceed first on the habeas corpus proceeding after which the evidence on the neglect proceeding would be heard. In support of the writ, petitioner offered the testimony of two psychiatrists and a social worker as to petitioner's condition, her capabilities and her affection for the children. The respondents offered in opposition the testimony of a psychiatrist and the supervisor of social services at the St. Joseph's Home where Daniel, one of petitioner's children, had been placed. The testimony and the opinions expressed differed as to the advisability of returning the children to petitioner. The court made a thorough, painstaking inquiry including an interview with Daniel, who expressed a desire to return to live with his mother. The court also considered various hospital and clinical records with respect to petitioner.

After petitioner rested her case on the habeas corpus proceeding, counsel for some of the respondents made a motion that the court consider all evidence put in as evidence on both the writ and the neglect proceeding. Over petitioner's objection, the motion was granted. Subsequently, the writ was denied and a finding of neglect was made against the petitioner.

On this appeal, petitioner urges that the removal and detention of her children was without a court order or her written consent and therefore was violative of the Family Court Act and the Social Services Law. Since the children were removed from petitioner in 1969, former article 3 of the Family Court Act, now covered by article 10 of such act (see especially § 1021 *et seq.*) as well as the relevant portions of sections 383, 384 and 398 of the Social Services Law would apply, and petitioner's contention is correct, since initially there was no court order obtained and neither did she give her written consent to the removal and detention of her children, nor was a petition timely made to the court as required.

Petitioner complains also that she was not afforded an opportunity to present a defense to the charge of neglect and that the court failed to conduct a fact-finding hearing on that issue. Petitioner alleges that she did not attempt to put in any defense while presenting her case on the writ because of the statement by the court that it would hold "in abeyance the neglect proceeding until we see what disposition we make so far as the infant is concerned and that will be on' the writ of habeas corpus." Petitioner states that after she rested her case and all her witnesses had left the court, respondents, in rebuttal, introduced in evidence the various hospital records. She states further that Jeanette Robertson, the petitioner in the neglect proceeding, did not appear or testify, but the sole consideration on the issue of neglect was the evidence received at the hearing on the writ. This, petitioner asserts, was insufficient to sustain a finding of neglect.

Subdivision (b) of former section 312 of the Family Court Act described a neglected child as one "who suffers or is likely to suffer serious harm from the improper guardianship, including lack of moral supervision or guidance, of his parents or other person legally responsible for his care and requires the aid of the courts".

That section was repealed (L. 1970, ch. 962, § 8, eff. May 1, 1970) and the subject is now covered by article 10 of the Family Court Act. Under subdivision (f) of section 1012, "' Neglected child' means a child less than eighteen years of age (i) whose

physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care (A) in supplying the child with adequate food, clothing, shelter or education * * * though financially able to do so or * * * (B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment; or by using a drug or drugs; or by using alcoholic beverages to the extent that he loses self-control of his actions; or by any other acts of a similarly serious nature requiring the aid of the court." Section 1046 (subd. [a], par. [viii]) of the Family Court Act states how proof of neglect or abuse of a child shall be established. "Proof of the 'impairment of emotional health' or 'impairment of mental or emotional condition' as a result of the *unwillingness* or inability of the respondent to exercise a minimum degree of care toward a child may include competent opinion or expert testimony and may include proof that such impairment lessened during a period when the child was in the care, custody or supervision of a person or agency other than the respondent." (Emphasis supplied.) The quoted paragraph is apparently that which, to some extent at least, was relied upon by respondents. In a fact-finding hearing a determination that a child is neglected must be based on a preponderance of the evidence (Family Ct. Act, § 1046, subd. [b]) and except as otherwise provided by article 10, only competent, material and relevant evidence may be admitted (Family Ct. Act, § 1046, subd. [b], par. [ii]).

Respondents contend there was a hearing and sufficient evidence to support a finding of neglect. In brief, respondents say the same evidence concerning petitioner's hospitalization and her mental condition is adequate to support both the denial of the writ and the finding that the children were neglected.

A finding of neglect should not be made lightly, nor should it rest upon past deficiencies alone. It is for the court to determine if at the time of hearing the children are suffering or likely to suffer from neglect (*Matter of Vulon*, 56 Misc 2d 19). A reasonable opportunity for refutation of the charges upon which the neglect determination is based should be afforded respondent. (See *Matter of Kenya G.*, 74 Misc 2d 606.) There was no evidence of maltreatment of the children by petitioner or that in the past they suffered harm at her hands. Whenever she felt a possible recurrence of her disability, petitioner would volun-

tarily sign herself into a hospital facility for treatment, apparently after first arranging for the care of the children.

For approximately two years or more prior to the finding of neglect, petitioner had neither care, custody nor control of the children. The finding of neglect had to rest solely upon the existence of her mental condition. Even during the period that petitioner was refused custody there was some demonstration by her of parental concern and affection for the children. The fact that she had been confined to hospitals at intervals did not establish neglect or unfitness per se (*Matter of Karr*, 66 Misc 2d 912). While it is recognized that the hearing was somewhat lengthy and that the court evinced genuine concern, petitioner should have been afforded an opportunity to present her evidence to rebut the charge and to negative, if she could, any evidence of a substantial probability of neglect or future harm to the children.

On the evidence before the Family Court, we conclude that the court properly dismissed the habeas corpus petition.

Accordingly, the order of December 1, 1972, as appealed from should be modified on the law to strike the finding of neglect and to remand the matter to Family Court for a hearing on that issue and, as so modified the order is otherwise affirmed without costs.

As to the dispositional order of June 18, 1973, since the validity of such order rested upon the correctness of the initial determination of neglect, such order should be reversed on the law, without costs.

KUPFERMAN, J. (concurring in part). As the majority recognizes: '' The finding of neglect had to rest solely upon the existence of her mental condition ''. This was amply demonstrated and the conclusion logically drawn by a concerned Judge after careful consideration. There is nothing invidious in this obvious finding, which was in the best interest of the children.

We concur in that part of the result which remands the matter to the Family Court, however, on the basis that the 18-month period of placement with the Commissioner of Social Services provided for in the dispositional order, has expired, and the mother certainly deserves a new hearing as to her current ability, within the purview of article 10 of the Family Court Act, to care for the children.

It should also be noted that this matter has been too much litigated (see *Perez* v. *Sugarman*, 499 F. 2d 761 [C. A. 2d, 1974]), and a dispositional hearing as to the past will accomplish naught

in this tragic family situation. If the mother is now mentally stable or can arrange for other care, such as by competent relatives, then there should be no problem.

MURPHY, LANE and LYNCH, JJ., concur with STEVENS, J. P.; KUPFERMAN, J., concurs in part in an opinion.

Order Family Court of the State of New York, New York County, entered on December 1, 1972, unanimously modified, on the law, to strike the finding of neglect and to remand the matter to Family Court for a hearing on that issue and, as so modified, the order is otherwise affirmed, without costs and without disbursements. Order of said court entered on June 18, 1973, unanimously reversed, on the law, without costs and without disbursements.