Kenneth L. Shorter, J.
This is a fact-finding hearing under article 10 of the Family Court Act against a mother who has never had the actual custody of the child affected. It appears that as recently as December 16, 1974 there have been affirmative findings of neglect and termination under section 384 of the Social Services Law against this respondent in reference to another child in her household. It further appears that respondent participated in those proceedings.
Respondent was also present in court during the instant proceedings throughout presentation of petitioner’s case, and during prolonged argument of respondent’s motion to dismiss. Petitioner has placed in evidence the records and findings in the three prior cases referred to together with the medical record of Harlem Hospital through October 15, 1974 and the Mental Health Services file through November 30,1974.
Respondent objected vigorously both to receipt of the prior records as evidence, and to consideration of the findings therein as res judicata.
The previous findings are not in themselves res judicata (cf. Matter of J., 72 Misc 2d 683).
The court’s duty is to determine whether the child at the *344 time of hearing is likely to suffer from neglect at the hands of this parent. (Matter of T, 64 Misc 2d 28.) As a general rule the prior records standing alone would not determine the present condition of respondent nor the existence of an imminent peril to the child. However, the statute provides at section 1046 (subd [a], par [i]): "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child”. (Cf. Matter of Henson, 77 Misc 2d 694; Matter of J, 72 Misc 2d 683.)
A perfect case accordingly would require not only the prior records but also corroboration preferably either by current medical examination showing that the medical findings then, continue now; or by expert testimony that the dangerous condition found then could not have been substantially reduced within the period of time elapsed now. Unfortunately the courts are fated in most instances to proceed upon less than perfect data provided it satisfy the pertinent burden of proof.
In the instant case the prior records submitted were of recent vintage, March 1972 through November 1974, and the last finding dated December 17, 1974 together with the record of a treating hospital through October 11, 1974 which record in a letter dated October 11, 1974 stated:
"1. Laura Anthony is in fact afflicted with a mental disease manifested by disturbance of behavior, feeling, thinking, and judgment. She is very withdrawn, dependent and immature. Her diagnosis is Schizophrenia, Catatonic type. The etiology is unknown.
"2. Laura Anthony does not presently have the capacity to provide proper and adequate care for any of her children including Martha Anthony.
"3. Based on our observations of the past three years, it appears very unlikely that the patient will have the capacity to provide adequate and proper care for Martha Anthony in the forseeable future.
"4. In our opinion, restoring physical custody of Martha Anthony to Laura Anthony could endanger Martha Anthony’s mental or emotional and possibly physical well-being.”
The respondent who was before the court for a matter of hours clearly exhibited throughout her stay many objective symptoms of sufficient significance to merit frequent mention in the medical and psychiatric records: avoidance of eye *345 contact, no display of interest, unkempt appearance, prolonged staring at floor and ceiling.
This court cannot entertain the callous or even casuistic hypothesis that it must await broken bone or shattered psyche before extending its protective cloak around this child pursuant to section 384 of the Social Services Law and article 10 of the Family Court Act (Matter of Santos, 71 Misc 2d 789).
Accordingly on this fact-finding hearing I find Maria Anthony to be a neglected child in that the physical, emotional and the mental well-being of this child would be in danger were she returned to respondent mother, since respondent mother is presently and for the foreseeable future unable to provide proper adequate care for this child, due to respondent’s mental illness. Inasmuch as I have some reservation as to whether the facts are adequate to support a permanent disposition (as contrasted to fact-finding), this determination cannot be used as the basis for termination or adoption; and is without prejudice to the mother initiating a petition for the return of her child (cf. Social Services Law 384, subd 7; Matter of J., supra).
We find no constitutional issue of compelling significance (cf. Matter of Millar, 40 AD2d 637).
Settle order on three days’ notice. All motions not specifically granted herein may be deemed denied.