OPINION OF THE COURT
Joseph J. Snellenburg, II, J.
Proceedings pursuant to article 10 of the Family Court Act to declare the captioned children abused and neglected children (Family Ct Act, § 1012, subds [e], [f]). Respondent parents moved to dismiss the petitions for insufficiency (CPLR 3211, subd [a], par 7).
Pursuant to section 1022 of the Family Court Act the twin *41 boys, born November 27, 1977, were removed from respondents’ custody by order dated December 30, 1977. The petitions at bar, verified January 3, 1978, were filed January 4, 1978. After interposition of denials on January 13, 1978 the proceedings were adjourned for trial to April 10, 1978, subject to the instant motions. Such motions were submitted to the undersigned on March 9, 1978 with memoranda of law from respondents and petitioner.
The sole question before the court is as to the sufficiency of the identical petitions (22 NYCRR 2502.2 Appendix B-2, Form 10-7). Both petitions allege, in material part, that the children are abused and neglected, paraphrasing the precise wording of section 1012 (subd [e], par [ii]) of the Family Court Act, and supplementing the statutory language with a reference to Exhibit A (CPLR 3014). Exhibit A alleges that respondents have been adjudicated abusive and neglectful of siblings of those children, i.e., Maria on July 19, 1974 and on August 12, 1975, and Patricia and Maria on March 25, 1976; further that pursuant to section 1046 (subd [a], par [i]) of the Family Court Act proof of abuse or neglect of one child is admissible evidence on the issue of abuse or neglect of any other child. The question squarely presented then, is whether proof of the stated allegations would justify a finding under section 1012 (subd [e], par [ii]) or section 1012 (subd [f], par [i]) of the Family Court Act as a matter of law.
The adjudications here relied on for pleading purposes were had in July, 1974, August, 1975 and March, 1976, between two and four years ago. Clearly admissible in evidence, and perhaps creating a presumption of law (Matter of Anthony, 81 Misc 2d 342; Matter of Kenya G., 74 Misc 2d 606; Matter of Katherine J., 71 Misc 2d 47; Matter of Edwards, 70 Misc 2d 858), they cannot be said to create a conclusive presumption that these children are in imminent danger of abuse or neglect. No such conclusive presumption is created either by statute (cf. Family Ct Act, § 1046, subd [a], par [ii]) or by case law (see Matter of Anthony, supra; Matter of Kristina Lynn J., 72 Misc 2d 683). The issue upon which petitioner has the burden of proof, is whether current conditions are such that the children are in imminent danger of being abused or neglected (Matter of Daniel C., 47 AD2d 160; Matter of Anthony, supra; Matter of Foreman, 75 Misc 2d 348; Matter of Santos, 71 Misc 2d 789; Matter of Fred S., 66 Misc 2d 683; Matter of Vulon, 56 Misc 2d 19, and other cases cited, supra). Petitioner is entitled to rely on the presumption of law ere *42 ated by the cited cases, but it may not do so in the absence of ultimate facts, properly pleaded. Absent allegations that the conditions which gave rise to the prior adjudications still subsist, the petitions are insufficient (Matter of Daniel C., supra; Matter of Anthony, supra; Matter of Kristina Lynn J., supra). Those cases purporting to hold to the contrary (Matter of Edwards, supra; Matter of Katherine J., supra; Matter of Fred S., supra; Matter of Abeena H., 64 Misc 2d 965), to the extent that they convert the presumption of law into a conclusive presumption, and create a prima facie case contrary to the above stated rules, will not be followed.
Respondents’ motions to dismiss are granted; the petitions are dismissed as of March 31, 1978; the County Attorney is directed to file amended petitions on or before that date and has leave to move for orders pursuant to section 1034 of the Family Court Act, if he be so advised. The orders made December 30, 1977 pursuant to section 1022 of the Family Court Act are continued.