OPINION OF THE COURT
Joseph G. Fritsch, J.
In this CPLR article 78 proceeding the petitioner, a sergeant in the Monroe County Sheriff’s Department, seeks a judgment enjoining the Monroe County Sheriff and his department from holding disciplinary proceedings on two separate dates, before two different hearing officers. He seeks an order consolidating the charges brought against him and ordering that there be one hearing before an impartial hearing officer who is not under the jurisdiction of the Monroe County Sheriff’s Department and who is an attorney, duly admitted to the Bar of the State of New York.
The petitioner is a member of the Monroe County Sheriff’s Department, holding the rank of Deputy Sheriff-Sergeant-Road Patrol. He was suspended without pay as of March 9, 1978 as a result of departmental disciplinary charges placed *620 against him. The charges filed on March 9, 1978 alleged violations of the rules and regulations of the Monroe County Sheriff’s Department as they related to truthfulness, sick leave procedure and insubordination. Subsequently, on March 15, 1978 these charges were amended by adding three additional, relating to truthfulness, insubordination and conduct, such as to discredit the department.
A hearing was requested by the petitioner and the respondent’s legal advisor scheduled the departmental hearing on all charges, original and amended, for April 7, 1978, before Major Alfred Newell of the Monroe County Sheriff’s Department, as the appointed hearing officer. Thereafter, a decision was made by the respondent that the hearing on the disciplinary charges filed March 9, 1978 would be held separate and apart from the hearing on the amended charges filed on March 15, 1978, and before a different hearing officer. The hearing officer appointed to hear the March 9, 1978 charges being an officer of the Monroe County Sheriff’s Department and the one to hear the March 15, 1978 charges being an attorney who is employed in the legal department of the Monroe County Department of Social Services.
The petitioner maintains that to subject him to two separate hearings before different hearing officers is a violation of his constitutional rights under the due process clause of the Constitution, because his evidence may have a common relationship to both the primary and amended charges. He contends further that if subjected to two separate hearings, he will require the services and expense of counsel twice and the availability of his witness twice, and separate exposure to publicity on each occasion.
It is the contention of the respondent Sheriff, that because of lack of jurisdiction, the petitioner has no standing under CPLR article 78, and he, therefore, moves for the dismissal of the petition. Respondent argues that petitioner may not seek the relief he requests pursuant to CPLR 7803 (subd 2). He cites Matter of Flaherty v Milliken (193 NY 564) which in substance holds that one acting as a deputy of the Sheriff does not come within the scope of section 75 of the Civil Service Law concerning discipline or removal of public employees, and is, therefore, subject to summary removal from his employment by the Sheriff.
The Sheriff respondent, however, is obligated to afford certain rights to the petitioner by the memorandum of agree *621 ment entered into with petitioner’s labor union dated October 31, 1977 and General Order No. 73-60 dated April 30, 1973. Both provide for a hearing of disciplinary charges and set forth procedure therefor.
Since the petitioner has a right to a hearing on disciplinary charges, he has a right to his constitutional guarantees in the conduct of such a hearing. It cannot be said that the Flaherty rule overlooks the basic due process rights which a public employee has under United States and State Constitutions.
An examination of the various charges, original and amended, filed against the petitioner shows that the evidence to be presented, if heard at two separate hearings, could be interrelated and could prejudice the petitioner if not presented at the same hearing and heard by the same hearing officer. There would be an unnecessary hardship to petitioner in adequately preparing a rebuttal and defense to the charges assessed against him if presented at separate hearings. The evidence and proof to be presented will establish a record and should be done at one hearing with the determination being made by the one hearing officer as to the whole thereof. The very unity of the changes was recognized by the respondent when one single hearing was first scheduled for April 7, 1978, and the supplemental charges were labeled as amended and additional charges to those first filed.
The Supreme Court of the United States has defined due process as a law which operates equally for all and not partially or privately affecting the rights of a segment of the population. (See Maxwell v Dow, 176 US 581.) Thus, the Constitution under the due process clause, gives one the right to be heard before an impartial tribunal, where he can meet head on the charges against him on the law and on the facts. (See Matter of Lyons v Goldstein, 290 NY 19.) The Supreme Court of the United States has held that the fundamental unfairness in the use of evidence before an impartial tribunal is a flagrant violation of the due process laws of the Constitution. A hearing under the protection of due process must be one held at a meaningful time and in a meaningful manner. (See Blackburn v Alabama, 361 US 199; Matter of Williams v White Plains Housing Auth., 62 Misc 2d 613, affd 35 AD2d 965.)
Here the petitioner should be afforded the opportunity to be confronted at the same time with all the charges against him, and he should have the opportunity at such time to rebut and *622 defend said charges by using his concentrated efforts in order to protect his rights pursuant to the due process clause of the Constitution.
Accordingly, the charges against the petitioner are to be heard at one hearing before an impartial hearing officer. Basic due process requires that the hearing officer not be a person in the employ of or under the control of the Monroe County Sheriff or the Sheriff’s department since the charges, as stated, allege facts which involve in the defense thereof the credibility and veracity of the petitioner vis-á-vis the Sheriff and/or members of his department.