OPINION OF THE COURT
Joseph J. Snellenburg, II, J.
In this proceeding pursuant to article 10 of the Family Court Act, an order of adjournment in contemplation of dismissal (ACOD) was entered November 14, 1978. Presently pending is a petition for violation alleging that respondent failed substantially to observe one of the conditions of such order, to wit: to submit to therapy at a therapist of her choice. Respondent cross-petitioned, alleging violations by petitioner; the cross petition was withdrawn on April 23, 1980.
A brief chronology is in order. On March 13, 1978 a petition alleging prospective neglect by the respondent of her child Diana (date of birth, March 6, 1978) was filed. Protracted proceedings, largely resulting from an inability to obtain a report under section 251 of the Family Court Act, owing to respondent’s failure to co-operate, culminated in the order of November 14, 1978, adjourning the proceeding in contemplation of dismissal. On May 23, 1979 a violation petition was filed; after numerous adjournments, on December 12, 1979 the *767 court determined that respondent was capable of understanding the proceedings and of prosecuting and defending her rights under the then pending petitions. Hearings were had on January 11 and February 27, 1980 on the violation petition, and April 1 on the cross petition. On April 23, 1980 the cross petition was withdrawn. The termination date of the order of November 14, 1978 has been successively extended; petitioner’s custody of the child, now aged two years, has been continued.
The petition at bar alleges that respondent failed to submit to therapy at a therapist of her choice. Such total failure, as well as respondent’s understanding of the terms and conditions of the ACOD order and the possible ramifications of a violation thereof, were clearly established by the evidence. Similarly established were petitioner’s assignment of a graduate student intern as respondent’s caseworker immediately subsequent to the order of November 14, 1978; petitioner’s inexplicable failure to assign an experienced caseworker to supervise respondent under the terms of the order, in light of the facts that respondent was concededly a "difficult” client, as well as the delicacy of the matters to be supervised under the terms of the order. Likewise established was the fact that during the crucial period immediately subsequent to the order petitioner was actively planning to proceed to terminate respondent’s parental rights pursuant to section 384-b (subd 4, par [c]) of the Social Services Law.
Respondent’s motions to dismiss at the close of petitioner’s evidence and at the close of the entire case are denied.
Upon the evidence presented the court finds that respondent violated the terms and conditions of the order of November 14, 1978 by failing to choose a therapist and by failing to submit to therapy. Accordingly, pursuant to subdivision (e) of section 1039 of the Family Court Act the proceeding is restored to the calendar. However, on the record presented, in view of the reasoning of the Appellate Division in Matter of Paul "X” (57 AD2d 216) and Matter of Gary A. (60 AD2d 927), and in view of the court’s conclusion that petitioner was not proceeding in good faith under the November 14, 1978 order, and also ignoring the legislative policy implicit in subdivision 1 of section 384-b of the Social Services Law as a matter of due process the court declines at this time to follow the direction of the statute and to find that respondent has waived a fact-finding hearing.
*768 More importantly, the original petition, which sounds in prospective neglect, presents a grave procedural problem. Assuming, arguendo, that a fact-finding hearing were now, two years later, to be conducted and the allegations of the original petition established, the court entertains serious doubts that the requisite allegations of prospective neglect spelled out in section 1012 (subd [f|, par [i], els [A] or [B]) of the Family Court Act could be met. The original petition herein, after quoting the statutory language above cited, in support of section 1012 (subd [f], par [i], cl [A]) alleges inadequacies in respondent’s then existing housing arrangements. The testimony adduced establishes that respondent has had numerous changes of residence in the intervening two years since the petition was filed; obviously the allegations in question are now moot by virtue of changed circumstances.
The balance of the petition, in support of section 1012 (subd [f], par [i], cl [B]), alleges prior adjudications of neglect with respect to two other children (Family Ct Act, § 1046, subd [a], par [i]); that respondent has a past history of mental disturbance, was without visible means of support, failed to provide the child with prenatal care, and in one instance on March 10, 1978, was observed to be walking against traffic on a busy highway in an incoherent condition. With the single exception last above set forth, the petition fails to allege that the prior conditions set out therein existed at the time of filing, March 13, 1978. In light of the undersigned’s decision in Matter of Sais (94 Misc 2d 40), the court is faced with the question whether proof of the allegations in the petition would justify a finding under section 1012 (subd [f], par [i]) of the Family Court Act. The court now holds that it would not. Had a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) been addressed to the petition it would necessarily have been granted. Due process considerations prohibit a present finding of neglect on a two-year-old petition that was insufficient on its face then, and, which now could not be sustained as an evidentiary matter because of the passage of time.
Accordingly, the petition will be dismissed for insufficiency on the adjourned date; petitioner has leave to file and serve an amended petition on or before the specified date, if it be so advised.
The court notes that a proceeding pursuant to section 384-b (subd 4, par [c]) of the Social Services Law is presently pending in another part of this court. If an amended petition *769 is filed herein the court suggests that the proceedings be consolidated for joint trial, or that either the instant neglect proceeding or the pending permanent termination proceeding be transferred so that both matters are pending before a single Judge.
The petition is granted; respondent is found to be in violation of the order of November 14, 1978; the matter is restored to the calendar and adjourned to May 18, 1980; petitioner has leave to file and serve an amended petition; upon its failure so to do, the original petition will be dismissed; petitioner’s custody of Diana continued to the adjourned date; if petitioner refiles the proceedings will be consolidated, or transferred to a single part of the court.