OPINION OF THE COURT
Bruce M. Kaplan, J.
The public was made painfully aware of the horrors of child abuse by the extensive coverage of the brutal slaying of Roxanne Felumero at the hands of her demented father. This senseless act also led to the enactment of the child abuse provisions of Family Court Act article 10 (L 1969, ch 264).
Since that time there have been ongoing attempts to heighten society’s consciousness of the evils and extent of child abuse. Most recently, a series of highly publicized reports and investigations focused attention on the operation of the Bureau of Special Services for Children (SSC) of the New York City Department of Social Services. This entity is the child protective agency mandated by the Social Services Law to be established within the City of New York.
*157 The unfavorable publicity heaped on SSC exacerbated its natural predilection to error on the side of caution with respect to filing child protective proceedings. Indeed, the instant petition may well have been brought as part of SSC’s reaction to it decidedly undesired notoriety and must be viewed in that light. While zeal and diligence in the fulfillment of SSC’s mandate to protect children should be commended, excesses in this regard must be curbed.
This decision on respondent father’s motion to dismiss will attempt to provide SSC with guidance in this area. Hopefully it will focus on real episodes of abuse and neglect, instead of pleading and attempting to prove conduct which falls outside of any reasonable reading of the definition of neglect contained in Family Court Act § 1012 (f).
Paragraph 5 of the petition contains 13 subparagraphs which purport to provide discreet grounds of neglect. Subparagraph 3 was withdrawn.
Paragraphs 1, 6, 9, 10, 11 and 12, when read together, posit legitimate causes of action against both respondents. Although couched mainly in terms of past history, they sufficiently implicate the present inability of either parent to care for the child when viewed in the light most favorable to petitioner.
Since the enactment of article 10, the courts have had numerous opportunities to construe its provisions and a substantial body of decisional law has established criteria for the adequacy of allegations. The remaining paragraphs, i.e., 2, 4, 5, 7, 8 and 13, fail to meet these criteria and must be stricken.
The salient characteristic of a proper allegation of abuse or neglect is that it refer to present, near contemporaneous or ongoing conduct. Allegations may not be stale. They must refer to continuing conduct or behavior patterns.
This is particularly important where the gravamen of an allegation of neglect of one child is the abuse or neglect of another per Family Court Act § 1046 (a) (i). The present petition contains SSC’s misapplication of the aforementioned provision and will be discussed below.
The case of Christina Maria C. (89 AD2d 855 [2d Dept 1982]) illustrates this point. The Appellate Division reversed the dismissal of an abuse proceeding and made a neglect finding. It held that it was error not to find that Christina was in imminent danger of having her physical, mental or emotional health impaired. Although there was no proof of her mistreatment, her brother, during this same time period, had clumps of hair torn *158 from his scalp, burns on his back, and rope burns on his wrists and ankles. This constituted proof of imminent danger to her.
Similarly, in Matter of Terry S. (55 AD2d 689 [3d Dept 1976]), the court affirmed a neglect finding after a petition was amended to add allegations of neglect of a child with whom the respondent was pregnant when her home lacked heat, electricity and proper sanitary conditions.
In Matter of Daniel C. (47 AD2d 160 [1st Dept 1975]), conversely, the Appellate Division overturned a neglect finding predicated on hospital records which were several years old. It noted that the children had not been in respondent’s home for more than two years subsequent to the neglect finding. It held that it was error to bottom a finding of neglect on past deficiencies alone.
Similar reasoning was employed by Judge Leddy in Matter of Maureen G. (103 Misc 2d 109 [Fam Ct, Richmond County 1980]). He noted proof of abuse or neglect must be so proximate in time to the date of the current proceedings that it can reasonably be concluded that the condition is a current one that still exists. The evidence must not be stale.
Other decisions reflect the validity of this view (Matter of Diana M., 104 Misc 2d 766 [Fam Ct, Suffolk County 1980]; Matter of Sais, 94 Misc 2d 40 [Fam Ct, Suffolk County 1978]; Matter of Lambert, 119 Misc 2d 326 [Fam Ct, Suffolk County 1983]; Matter of Jason B., 117 Misc 2d 480 [Fam Ct, Richmond County 1983]; Matter of Theresa C., 121 Misc 2d 15 [Fam Ct, Monroe County 1983]; Matter of Kristina Lynn J., 72 Misc 2d 683 [Fam Ct, Richmond County 1972]).
Subparagraph 2 merely recites that a previous neglect finding against the respondent mother on December 2,1981 resulted in a placement with the petitioner. It expired on June 2, 1983 because no attempt was made to extend that placement. While the allegation refers specifically to the respondent mother, and this motion to dismiss has been brought by the respondent father, the court will strike this subparagraph from the petition. This subparagraph alleges no new neglect. Rather, it is an improvident attempt to obtain a nunc pro tune extension of placement.
Under controlling law one may not attempt to extend placement nunc pro tune. Instead, the petitioner must plead and prove new neglect against the respondent parent when it has failed to apply for an extension of placement. (Matter of Susan F., 59 AD2d 783 [2d Dept 1977]; Matter of Lyndell C.R., 102 Misc 2d 723 [Fam Ct, NY County 1980].)
*159 Petitioner somewhat disingenuously seeks to justify subparagraph 2 by quoting Family Court Act § 1013. This reference is specious. Family Court Act § 1013 provides that a child need not be currently in the care or custody of the respondent if the court otherwise has jurisdiction over the matter. This means no more than that a child who is not living with a respondent may be the subject of a child protective proceeding when the time frame of living away from the respondent is reasonably contemporaneous with the neglect charged in the current petition. It is inapplicable to the instant case when the conduct referred to occurred three years ago.
The purpose of Family Court Act § 1013 (d) is to enable the court to obtain jurisdiction over a frequent visitor to the child’s home, to protect an infant born subsequent to the original finding of neglect, or to deal with a situation where the parents have temporarily placed the child with a friend or relative. (See, Matter of“J” Children, 57 AD2d 568 [1977]; Matter of Maureen G., 103 Misc 2d 109 [Fam Ct, Richmond County 1980], supra; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1013.)
A widely recognized component of the “child abuse syndrome” is the existence of a “target child.” The malevolent energies, or acts of omission of the abusive or neglectful parent, are focused on the target child while the parent continues to interact with the other child or children in an unobjectionable manner. When the target child is removed, the objectionable conduct is often directed against the child or children who remain in the home. (Helfner & Kempe, The Battered Child [U of Chi 1968]; Matter of Kenya G., 74 Misc 2d 606 [Fam Ct, NY County 1973].)
Were it not for Family Court Act § 1046 (a) (i), proof of abuse or neglect of one child would be subject to objection on the grounds of relevancy when it was introduced with respect to another child. This provision represents a determination by the Legislature that abrogating the traditional common-law rule respecting relevancy enhances the effectiveness of the child protective article.
This provision vitiates the relevancy objection which is based on testimony respecting another child. It does not, as SSC would have us believe, transmogrify allegations which are irrelevant because they are stale or fail to address themselves to conduct interdicted by Family Court Act § 1012.
A comparison of the language contained in Family Court Act § 1046 (a) (i) with that found in Family Court Act § 1046 (a) (ii)[1] *160 and Family Court Act § 1046 (a) (iii) reinforces limiting the ambit of Family Court Act § 1046 (a) (i). In marked contrast to Family Court Act § 1046 (a) (i), both Family Court Act § 1046 (a) (ii) and (a) (iii) provide that proof of the facts enumerated therein constitutes prima facie evidence of child abuse or neglect.[2]
If the Legislature had intended that proof of prior abuse or neglect of another child not related to ongoing conditions constituted prima facie evidence of abuse or neglect, it would have so provided. This provision does not so provide, a fact highlighted by its juxtaposition to those provisions that accord prima facie evidence treatment to other conduct.
While Matter of Sais (supra) stated that stale allegations of neglect based on two- and four-year-old adjudications of neglect respecting siblings did not constitute a conclusive presumption of imminent danger, it noted that perhaps it created a presumption of law. I respectfully disagree with the latter suggestion.[3]
Under correct reading of Family Court Act § 1046 (a) (i) they are not even prima facie evidence, do not create a presumption of law, and are subject to dismissal if they are not relevant. Of the four cases relied on by Matter of Sais (supra) for its assertion that allegations of neglect of another child might create a presumption of law only two mention presumptions. Matter of Edwards (70 Misc 2d 858 [Fam Ct, Richmond County 1972]) is inapplicable since it construes Family Court Act § 1046 (a) (ii) which accords prima facie evidentiary status.
The remaining case, Matter of Kenya G. (74 Misc 2d 606 [Fam Ct, NY County 1973], supra), held that a prima facie case was established by reference to an adjudication based on conduct that occurred two years prior to the filing of the petition even though the second child had lived with respondent without incident for all seven months of her life. It then held that respondent had the burden of going forward and establishing that the conditions were not of a continuing nature.
This court does not agree with the reasoning of Kenya G. (supra).
*161 Kenya G. (supra) gave a weight to Family Court Act § 1046 (a) (i) subject matter which the Legislature consciously chose not to accord it. More importantly it cannot be reconciled with a subsequent Appellate Division ruling that allegations of neglect must not be based on past deficiencies alone. (Matter of Daniel C., 47 AD2d 160, supra.)
With these conditions in mind, we turn to the remaining subparagraphs of paragraph 5.
Paragraph 5 is stricken for failure to state a cause of action. Termination of the mother’s rights to two other children in 1975 and 1978, nine and six years ago, does not provide grounds for a finding of current neglect as to the subject child.
Paragraph 13 is also stricken from the petition as it states no cause of action against either parent. The allegation that neither respondent is willing to sign a voluntary placement agreement for the child is quite irrelevant to the issue of whether T. is a neglected child. It is also factually incorrect as to the respondent father.
The allegations of (a) termination of respondent mother’s parental rights as to other children, and (b) that respondents have formulated no permanent plan for the child, demonstrates that the petitioner mistakenly equates the grounds for a finding of neglect with the distinct ones for a finding of permanent neglect. It is wholly improper to seek the termination of parental rights in the context of this neglect petition. (Matter of Ricky Ralph M., 56 NY2d 77 [1982]; Matter of Arroyo Children, 37 AD2d 531 [1st Dept 1971].)
Paragraphs 7 and 8 are stricken from the petition. These two lengthy paragraphs contain information that is wholly irrelevant to this proceeding, and make no attempt to state causes of action.
Paragraphs 1, 6, 9,10,11 and 12, when read together, do state a legitimate cause of action against both respondent mother and father. Although couched mainly in terms of past history, there are sufficient allegations of the present inability of either parent to care for the child for these allegations to resist a motion to dismiss.
Accordingly, this proceeding is to be recalendared for trial on the allegations contained in paragraphs 1, 6, 9,10,11 and 12 of the petition.
The case shall be brought before me at the child support enforcement term on May 17, 1985.

. This provision is commonly referred to as establishing the res ipso loquitor doctrine in child protective proceedings.

. With respect to Family Court Act § 1046 (a) (iii) the proscribed behavior is only prima facie evidence of neglect.

. See, Matter of Commissioner of Social Servs. v Daniel S. (126 Misc 2d 32 [Fam Ct, Kings County 1984]) for a lucid discussion by Judge DePhillips on presumptions of law both conclusive and rebuttable, and presumptions of fact in the context of Family Court Act § 437 which involves a prima facie presumption.