OPINION OF THE COURT
Vincent J. Reilly, Jr., J.
The respondent, David E., has moved this court for an order dismissing the petition alleging abuse and neglect filed against him by the Department of Social Services. The petition was originally filed with the Family Court on November 18, 1988. An amended petition alleging abuse and neglect was filed on *1075 December 1, 1988. The only difference between the original and amended petition was a statement that: "Father is David E whose address is unknown. He is a person legally responsible for the neglect of said children.” The fundamental allegation of the petitions is that between October 6, 1987 and the present (Dec. 1, 1988) the physical, mental and emotional condition of the children has been impaired or is in imminent danger of becoming impaired as a result of David E.’s failure to exercise a minimum degree of care; in that he committed sexual offenses against Deanna E. as defined by the Penal Law.
For the reasons hereinafter set forth the court will grant the motion to dismiss. Although this proceeding was commenced with the filing of the petition on November 18, 1988 the respondent received no notice of the proceeding until March 2, 1991 when he was arrested on a warrant issued by this court on December 6, 1988. The warrant was issued by the court following representations made by the petitioner on November 21, 1988, December 1, 1988 and December 6, 1988 that initial and continued attempts to serve the respondent had been unsuccessful.
From the testimony developed during a hearing conducted by this court on the limited issues of the attempts by the petitioner to give the respondent notice of the proceedings and respondent’s availability between November 15, 1988 (the date of the first petition filed) and March 2, 1991, it was disclosed that the Department’s process server made two attempts at service at respondent’s place of employment Long Cable on November 18, 1988 and November 21, 1988. No other attempts at service were made although the respondent has remained an employee of Long Cable throughout the period of time in question. The evidence also clearly established that the respondent has resided in Schenectady County throughout the period of time in question; maintained a public telephone number since March of 1989 and maintained a New York State driver’s license and registration since on or about February 1989. The Department of Social Services admittedly made no attempts to locate the respondent after the issuance of the warrant on December 6, 1988.
Article 10 proceedings under the Family Court Act are subject to the principles of due process established under the United States and New York State Constitutions (Family Ct Act § 1011). Fundamental to the principles of due process are the concepts of notice and an opportunity to be heard in a *1076 timely and meaningful manner. (Blackburn v Alabama, 361 US 199; Sextone v Lombard, 96 Misc 2d 619.) The delay in the prosecution of this case can in no way be attributed to the respondent’s conduct. He did not flee the jurisdiction nor attempt to conceal his identity. It was State inattention and failure to exercise reasonable diligence which has caused the delay in prosecution.
It has been said that the salient characteristic of a proper allegation of abuse or neglect is that it refer to present, near contemporaneous or ongoing conduct. Allegations may not be stale. (Matter of T. C., 128 Misc 2d 156, 157.) Admittedly, Matter of T. C. (supra) and the line of cases upon which it relies relate to attempts by a Department of Social Services to secure a current finding of neglect or abuse or to one child on a past finding of neglect or abuse of another. The rationale of these cases is that article 10 proceedings are designed to protect children from immediate or imminent harm. The proof is that the respondent did not see his children between October of 1988 until sometime in February of 1991. Clearly no showing of immediate or imminent harm can be shown now. To prosecute this petition after a delay of over two years, which delay was solely the result of the State’s inaction, is a denial of due process because of the untimeliness of the hearing.
In granting the motion to dismiss, the court has tried to balance the right of the State and the interest of the State in the protection of children vis-á-vis the right of the respondent to raise his children vis-á-vis the right of the children to live a life free of harm. In the instant case the respondent and his current wife are engaged in a custody proceeding before this court. Clearly the court will have an opportunity to deal with the children’s future best interest in the context of the custody proceeding. In this way the child, Deanna, may be spared any trauma that an abuse proceeding based on events of over three years ago may inflict on her.
The attorney for the respondent should submit an order consistent with this decision on May 7, 1991 at 10:00 a.m. which will be the next return date for all proceedings.