■ In the Matter of NINA A. M. et al., Children Alleged to be Abused and Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NINA B. M., Appellant, et al., Respondent.—Mercure, J. Appeals from two orders of the Family Court of Otsego County (Mogavero, Jr., J.), entered July 18, 1991 and September 30, 1991, which, *inter alia,* partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children and foster child to be abused and neglected.

Respondents were married in September 1958 and are the natural parents of five daughters: Elizabeth, Janice, Ann Marie, Nina A. and Lee Ann. In February 1986, respondents took a foster child, Salvatore (then four days old), into their

home. As the result of marital discord and verbal and physical abuse inflicted upon family members by respondent James M. (hereinafter James), in October 1989 respondent Nina B. M. (hereinafter respondent) left the marital residence in the Town of Otego, Otsego County, and moved with Ann Marie, Nina A., Lee Ann and Salvatore to the City of Oneonta, Otsego County. In November 1990, respondent discovered a journal in which Nina A. had described her acts of sexual intercourse with James approximately twice weekly from the age of eight until she was 16. At respondent's insistence, Nina A. detailed James' alleged sexual abuse in a statement to the State Police and, on December 11, 1990, a petition was filed in Family Court charging James with abuse of Nina A. and Lee Ann. On January 17, 1991, an amended petition was filed on behalf of Nina A., Lee Ann and Salvatore charging both James and respondent with abuse and neglect. As against respondent, the amended petition alleged that she should have been aware of and failed to take action to protect the children from James' physical, verbal and emotional abuse, failed to arrange counseling for Nina A. and Ann Marie and failed to address Nina A.'s alleged substance abuse. Following a fact-finding hearing, Family Court discredited Nina A.'s claims of rape and accordingly dismissed the charges of abuse against both respondents but nonetheless found that all of the children had been neglected by both respondents. Respondent appeals the dispositional orders based upon Family Court's finding of neglect against her.

In our view, petitioner did not establish by a fair preponderance of the credible evidence that respondent failed to exercise a "minimum degree of care" so as to prevent impairment of the children's physical, mental or emotional condition (see, Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]) and we accordingly reverse Family Court's orders as to respondent. We begin with the obvious premise that Family Court's determination that Nina A. was not sexually abused eliminates any claim that respondent was neglectful in failing to protect her against any such conduct. Further, as to the allegation that respondent failed to take adequate measures to protect the children from James' otherwise abusive behavior, we note that respondent left James, moved to a new city and started a new life for herself and the children 15 months prior to the filing of the amended petition. In determining the issue of neglect, the court should consider "whether, despite any past deficiency, [the] children are at the time of hearing suffering or likely to suffer from neglect" (Matter of Foreman, 75 Misc 2d

348, 349). Allegations should "refer to present, near contemporaneous or ongoing conduct" *(Matter of T.C.,* 128 Misc 2d 156, 157; *see, Matter of Daniel C.,* 47 AD2d 160, 164-165). At the time of the hearing, respondent and Lee Ann, the only child remaining in the household, were undergoing psychological counseling and therapy, with reportedly positive results. Having taken appropriate steps to protect the children from James' abuse and to rehabilitate herself, respondent's conduct and actions were those of a reasonable and prudent parent *(see, Matter of Carrie R.,* 156 AD2d 756, 757).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order entered July 18, 1991 is modified, on the law, with costs to respondent Nina B. M., by reversing so much thereof as granted the amended petition against respondent Nina B. M.; petition dismissed against said respondent; and, as so modified, affirmed. Ordered that the order entered September 30, 1991 is reversed, on the law.