■ In the Matter of AUSTIN D. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SER-

VICES, Respondent; MELISSA D., Appellant. (And Another Related Proceeding.) [880 NYS2d 217]—

Lahtinen, J. Appeals from four orders of the Family Court of Clinton County (Lawliss, J.), entered June 2, 2008 and July 1, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Austin D. to be neglected by respondent Melissa D., and issued orders of protection.

Respondent Melissa D. is the mother of three children (born in 1994, 2006 and 2007). Respondent Wayne G. is the father of the two youngest children. After the two youngest children were each born with positive toxicologies for marihuana, petitioner commenced neglect proceedings in January 2008 as to both respondents. The petition as to the mother also included allegations of neglect, occurring in 2003 and 2004 regarding her oldest child, Austin D. Following a fact-finding hearing, Family Court dismissed the petition against the father in its entirety and dismissed the petition against the mother insofar as it pertained to the two youngest children. However, Family Court sustained the petition against the mother regarding allegations of neglect of Austin that had occurred in early 2003. A dispositional hearing ensued, after which Family Court continued Austin in the custody of the mother, subject to various terms and conditions. The court also issued orders of protection requiring, among other things, that each respondent undergo mental health and substance abuse treatment. Respondents appeal.

The mother and the Law Guardian of Austin argue that there was not sufficient evidence of current unfitness to warrant a finding of neglect regarding Austin where the finding was based upon an incident that had occurred five years earlier. We have previously observed that, in light of Family Court's broad mandate to protect children who are subjected to abuse or neglect, "the usual treatment of transgressions by limiting legal prosecutions thereof to a statutory period is unavailing in Family Court petitions" (*Matter of Charles DD.*, 163 AD2d 744, 747

[1990]). Nevertheless, "[i]n determining the issue of neglect, the court should consider whether, despite any past deficiency, [the] children are at the time of [the] hearing suffering or likely to suffer from neglect" (*Matter of Nina A.M.*, 189 AD2d 1010, 1011 [1993] [internal quotations marks and citation omitted]; *see* Sobie, New York Family Court Practice § 2:63 [10 West's NY Prac Series 2008]).

Here, the caseworker familiar with the 2003 incident testified that a report was received in February 2003 indicating that the mother had discontinued Austin's medicine for ADHD without consulting the child's pediatrician. The caseworker investigated the report and, while she found the mother not to be particularly cooperative, she nonetheless closed the case within two months. She acknowledged that, at the time she closed the case, she did not believe that Austin was being subjected to abuse or neglect. Moreover, a caseworker who had worked with the mother near the time of the 2008 hearing stated that she had sought petitioner's aid in addressing Austin's behavioral problems, complied with measures petitioner set forth in the child-care plan, tested negative for drugs and completed a mental health evaluation with no recommendation for follow-up care. On this record and under the circumstances of this case, the proof regarding the incident occurring in early 2003 was insufficient to form the basis for a neglect finding five years later. Both petitions should have been dismissed in their entirety and, thus, all subsequent orders (i.e., the orders of disposition and protection) based on the finding of neglect as to Austin must also be reversed.

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order entered June 2, 2008 is modified, on the law and the facts, without costs, by reversing so much thereof as sustained the neglect petition as to Austin D.; petition dismissed in its entirety; and, as so modified, affirmed. Ordered that the orders entered July 1, 2008 are reversed, on the law, without costs.