■ In the Matter of APRIL D., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DANIEL D., Respondent. (Proceeding No. 1.) In the Matter of HEATHER D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DANIEL D., Respondent. (Proceeding No. 2.) [751 NYS2d 783] —In two related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of a fact-finding order of the Family Court, Suffolk County (Lehman, J.), entered January 3, 2002, as, after a hearing, found that it failed to establish the branch of the petition in Proceeding No. 1 as alleged that April D. was an abused child and the branch of the petition in Proceeding No. 2 as alleged that Heather D. was a neglected child.

Ordered that the appeal from so much of the fact-finding order as found that the petitioner failed to establish the branch of the petition in Proceeding No. 1 as alleged that April D. was an abused child is dismissed, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and the facts, without costs or disbursements, the branch of the petition in Proceeding No. 2 alleging that Heather D. is a neglected child is reinstated, the allegation of neglect is found to be established, and the matter is remitted to the Family Court, Suffolk County, for a dispositional hearing.

The petitioner's appeal from so much of the order of fact-finding as found that the petitioner failed to establish the branch of the petition in Proceeding No. 1 as alleged that April D. was an abused child must be dismissed as she has reached the age of 18 (*see* Family Ct Act § 1012 [e]).

The Family Court erred in finding the petitioner failed to establish the branch of the petition in Proceeding No. 2 as alleged that Heather D. was a neglected child. Based upon the Family Court's findings of fact, which resulted in the finding that April D. was a neglected child in Proceeding No. 1, we conclude that the respondent's conduct "demonstrated a fundamental defect in his 'understanding of the duties of parenthood' which placed his daughter [Heather D.] in imminent danger of substantial risk of harm" (*Matter of Rasheda S.,* 183 AD2d 770, 770-771 [citations omitted]; *see also* Family Ct Act § 1012 [f] [i]; § 1046 [a] [i]; *Matter of Baby Boy W.,* 283 AD2d 584). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.