■ In the Matter of PRISCILLA CRUZ, a Child Alleged to be Permanently Neglected. GLADYS JUARBE, Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant.—Order, Family Court, Bronx County (Donald F. Mohr, J.) entered January 17, 1986, which, in a child protective proceeding pursuant to Family Court Act article 10, dismissed the petition on the ground that the finding of neglect made in a prior proceeding with respect to respondent's older children cannot be used as the basis for a finding with respect to respondent's newborn child, reversed, on the law and on the facts, without costs, the petition is reinstated and a finding of neglect entered upon the unrebutted evidence before the Family Court, and the matter is remitted for a dispositional hearing. Pending that hearing, the child Priscilla shall remain the custody of the Commissioner of Social Services.

Respondent, the natural mother of Priscilla C., first became known to the Office of Special Services for Children (SSC) in March 1982, when she was admitted to the New York Foundling Child Abuse Rehabilitation Program with her oldest daughter Mary Ellen, while her oldest child Francisco was voluntarily placed in foster care. On June 6, 1985, SSC was informed that respondent had handcuffed her children and left them alone in the house. Upon investigation, respondent admitted having handcuffed Francisco (age five) and Mary Ellen (age three), an epileptic, to the bed because they had misbehaved. Caseworkers observed that the children's wrists

were raw and bleeding from handcuff injuries, that Mary Ellen had healing bruises up and down her arms, on her knee and on her ankles, and that Francisco had a mark on his thigh from a beating with a stick administered by respondent.

Respondent's three children were removed from her home and placed in foster care, and on June 8, 1985, child neglect proceedings were commenced against her. Respondent admitted in court, through counsel, that "she had handcuffed Mary Ellen and Francisco to the bed on numerous occasions, and in that way she used excessive corporal punishment." On June 19, 1985, the court found that Mary Ellen and Francisco were neglected children, and that Rosa Linda, then aged one, was likely to become a neglected child. The matter was adjourned to September pending an investigation and report and a mental health study. At that time respondent was seven months' pregnant with Priscilla.

Priscilla was born August 9, 1985. On August 15, 1985, the instant proceeding was commenced alleging that respondent was likely to become a neglectful mother in regard to Priscilla, based entirely upon the finding of neglect that had been made seven weeks previously. On September 13, 1985, a dispositional hearing was held for the three older children, which resulted in their being placed with the Commissioner of Social Services for a period of up to 12 months. At the conclusion of that hearing the attorneys agreed to dispense with a fact-finding hearing on Priscilla, and to proceed instead on written memoranda on the law and the facts. On January 17, 1986, the Family Court dismissed the petition, holding that the acts that were the basis of the original petition were not sufficiently contemporaneous to be used as a basis for the later proceeding, that a finding of neglect should not be based upon past deficiencies alone, and that the injuries suffered by the older children from being handcuffed to a bed were not likely to be inflicted upon the infant Priscilla. We disagree.

Family Court Act § 1046 (a) (i) provides that "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of * * * the respondent". Such evidence, standing alone, does not necessarily constitute a prima facie case *(see, Matter of T. C.,* 128 Misc 2d 156), but may, in appropriate circumstances, be sufficient to sustain a finding of abuse or neglect. *(See, Matter of Christina Maria C.,* 89 AD2d 855; *Matter of Kenya G.,* 74 Misc 2d 606.)* The determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a

finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists *(Matter of Maureen G.,* 103 Misc 2d 109; *Matter of Sais,* 94 Misc 2d 40; *Matter of T. C., supra).* In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future. *(Matter of Kenya G.,* 74 Misc 2d 606, *supra.)*

In the instant case, the offending conduct occurred in June 1985 and Priscilla was born just two months later, on August 9, 1985. The mental health report, dated August 26, 1985, which was received into evidence at the dispositional hearing in the previously commenced proceeding regarding respondent's three other children, found that respondent had "significantly impaired judgment in caring for her children", a conclusion amply demonstrated by respondent's use of handcuffs and a stick to discipline them. These circumstances established in our view a prima facie case that neglect (Family Ct Act § 1012 [f] [i] [B]) of the newborn Priscilla was likely to take place. *(Matter of "Baby Boy" Santos,* 71 Misc 2d 789.) "Since the purposes of child abuse or neglect proceedings are to protect children from physical and emotional injury or mistreatment, children who are the subjects of such proceedings have legal rights and interests in remaining alive, in being protected from physical injury and psychological damage" (Fink, Child Abuse and Neglect ch 7, at 192 [Office of Projects Development, App Div, 1st Dept 1986, Cohen, McCabe and Weiss, editors]). Upon such proximate circumstances being shown, in order to meaningfully enforce such rights, a court cannot and should not "await broken bone or shattered psyche before extending its protective cloak around [a] child pursuant to * * * article 10 of the Family Court Act". *(Matter of Anthony,* 81 Misc 2d 342, 345.) Concur—Sandler, J. P., Fein, Milonas, Rosenberger and Wallach, JJ.