■ In the Matter of BABY BOY W., a Child Alleged to be Neglected. ATWANNA W. et al., Respondents; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant. [724 NYS2d 494] —In a child protective proceeding pursuant to Family Court Act article 10, the Commissioner of the Administration for Children's Services of the City of New York appeals from a fact-finding order of the Family Court, Kings County (Staton, J.), dated October 13, 1999, which, after a fact-finding hearing, failed to sustain the charge of derivative neglect of the child Baby Boy W. against the parents.

Ordered that the fact-finding order is reversed, without costs or disbursements, the petition to adjudicate Baby Boy W. a neglected child is granted, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing.

In a derivative neglect proceeding, "[t]he determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists * * * In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Cruz,* 121 AD2d 901, 902-903).

The subject of the derivative neglect proceeding was born less then two months after the incident which resulted in a finding that the respondents had neglected their older child. Since the respondents failed to present any evidence to either rebut the petitioner's prima facie case or establish that the condition leading to that neglect finding as to the other child no longer existed in their home, the court should have made a finding of derivative neglect as to Baby Boy W. (*see, Matter of Cruz, supra*; *Matter of Jamie J.,* 209 AD2d 896; *Matter of Jeremy H.,* 193 AD2d 799). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.