Matter of Damaris Makiela O. (2004 NY Slip Op 50518(U))

[*1]

Matter of Damaris Makiela O.

2004 NY Slip Op 50518(U)

Decided on June 3, 2004

Family Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 3, 2004

Family Court, Kings County
In the Matter of DAMARIS MAKIELA O. 
 (Also Known as MAKAILIA C.), a Child Under the Age of Eighteen Years. JESSICA C., Respondent.
NA 1489/04

Ian Sangenito, Esq., for petitioner, Division of Legal Services, Administration for Children's Services, 345 Adams Street, 8th Floor, Brooklyn, New York 11201
Zoe Allen, Esq., Law Guardian, Juvenile Rights Division of the Legal Aid Society, 111 Livingston Street, 8th Floor, Brooklyn, New York 11201
Matthew J. Kazansky, Esq., for respondent, Nangia & Kazansky, LLP, 26 Court Street, Suite 2003, Brooklyn, New York 11242

Bryanne A. Hamill, J.
Background
On June 16, 2003, the Administration for Children's Services ("ACS") filed an abuse petition against the respondent mother, Jessica C., and the respondent father, Edwin L., Sr. with regard to their infant, Edwin L..
On June 24, 2003, the petition was amended against both respondents, alleging that Edwin L. was also a severely abused child, as defined by section 384-b of the Social Services Law. The petition alleges, inter alia, that the infant suffered rib fractures and intracranial bleeding as result of the respondent mother repeatedly grabbing him by the torso, squeezing the infant's ribcage and shaking him violently, and dropping him, beginning in March 2003 and extending over the course of approximately three months.
On June 25, 2003, the respondent mother pleaded guilty to assault in the second degree in [*2]Kings County Supreme Court, with regard to her actions against Edwin L.
On December 4, 2003, upon ACS's motion for summary judgment, affirmations and arguments in relation thereto, this Court found, by clear and convincing evidence, that the respondent mother abused and severely abused her infant, Edwin L., pursuant to article 10 of the Family Court Act and section 384-b of the Social Services Law respectively.
On January 25, 2004, the respondent mother gave birth to the subject child, Makailia C. (a.k.a. Damaris Makiela O.) (hereinafter "subject child"). ACS filed this child protective proceeding on February 3, 2004, alleging that the respondent mother derivatively abused and severely abused the subject child, whereupon the subject child was remanded to the Commissioner of ACS and a warrant was issued for the respondent mother to produce subject child.
On February 19, 2004, the respondent mother was involuntarily returned on the warrant, whereupon, ACS gave her notice that it intended to prove that the subject child was a severely abused child, by clear and convincing evidence, and that such a finding could constitute a basis to her terminate parental rights, pursuant to section 384-b of the Social Services Law.
On March 18, 2004, pursuant to ACS's motion to terminate reasonable efforts, affirmations, an evidentiary hearing held thereupon, and arguments in relation thereto, this Court entered a finding that no reasonable efforts were required to be made to return Edwin to respondent mother, pursuant to Family Court Act § 1039-b. This Court determined that reasonable efforts would not be in the best interests of Edwin, would not be likely to result in reunification with his mother in the foreseeable future and would be contrary to his health and safety. Moreover, this Court found, in light of Edwin's age and the severity of his injuries sustained while in his mother's care, in conjunction with the mother's obvious parental deficiencies, the danger of any reunification efforts clearly outweighed any potential benefits.
These findings were based upon the credible evidence adduced at the evidentiary hearing, which consisted of testimony by the ACS caseworker, the agency caseworker and the respondent mother, as well as extensive documentary evidence, including the medical records of Edwin.
In so finding, this Court found Edwin, at five months old, suffered rib fractures, shortness of breath, all requiring hospitalization and intensive medical care. His diagnosis ultimately included bilateral retinal hemorrhages, skull fracture, old rib fractures and traumatic subdural hematomas. He was intubated, placed on a respirator, and given a blood transfusion.
This Court further found that the respondent mother, who was only twenty-one years old, suffered from depression, a seizure disorder, poor parental judgment, and lacked insight into her parental deficiencies. According to her own admission in criminal court, she intended to injure Edwin, who was only months old and completely dependent upon her for his very survival. Despite having been engaged in various services since 2001, she caused serious physical injury to her infant in the spring of 2003. Further, she had failed thus far to follow through with appropriate and reasonable services, make any meaningful progress in her psychiatric treatment, and take her antidepressant and anticonvulsant medications regularly.[*3]
DiscussionThe issue presented is whether derivative findings of abuse and severe abuse should be entered against the respondent mother with respect to the after born infant child, Damaris, pursuant to article 10 of the Family Court Act and section 384-b of the Social Services Law respectively, via summary judgment, because there is no genuine issue of fact to be resolved at trial.
Based upon the respondent mother's criminal conviction for assaulting infant Edwin, this Court's prior findings, including the basis to terminate reasonable efforts to reunify Edwin with his mother, and the medical records of Edwin L., this Court finds that, as a matter of law, there exists no triable issue of fact, and accordingly, enters an order of summary judgment in favor of the petitioner.
The mother's criminal conviction and this Court's prior findings establish a prima facie case of abuse. Section 1046(a)(i) of the Family Court Act provides:

proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent.
"Such evidence, standing alone, does not necessarily constitute a prima facie case , but may, in appropriate circumstances, be sufficient to sustain a finding of abuse or neglect." In re Cruz, 121 A.D.2d 901, 903 (1st Dept., 1986). The determinative factor is "whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists." Cruz, at 903, citing Matter of Maureen G., 103 Misc 2d 109 ( N.Y. Fam. Ct., Richmond Cty., 1980)
The respondent argues that summary judgment should not be entered because the respondent's conduct which established the abuse and severe abuse of Edwin was not sufficiently contemporaneous with the petition regarding the subject child, Damaris Makiela. According to respondent's counsel, seven months cannot be proximate enough in time to support a derivative finding. In support of that argument, the respondent cites Matter of T.C., 128 Misc.2d 156 (N.Y. Fam. Ct., N.Y. Cty., 1985), where the Court dismissed a cause of action alleging neglect based solely upon the termination of the respondent's parental rights to two other children, which were entered nine and six years prior to the petition. In fact, the Court found that there were sufficient allegations of the present inability of either parent to care for the child even though the allegations were couched mainly in terms of past history. Therefore, even the Court in Matter of T.C. recognized that there were past actions or conditions which could establish grounds for current abuse or neglect.
In addition to proximity in time, the Court should take into account the nature of the conduct and any other pertinent considerations. See, Matter of Moria I., 148 Misc.2d 988 (N.Y. Fam. Ct. Dutchess Cty., 1990), In re Cruz, 121 A.D.2d 901 (1st Dept., 1986). In Matter of Moria I., supra, at 995, the Court set-forth a three prong test to determine whether a finding of derivative abuse or neglect would be proper:

(1)the offensive conduct proven as to one child was not remote in time;
(2)the conduct was serious or involved a course of abusive or neglectful behavior; and
(3)the conduct demonstrated a fundamental defect in respondent's understanding of the
[*4]
duties and obligations of parenthood.
While trial court decisions are not controlling, Appellate Division case law also
supports this analysis. The First Department in Cruz directs the Court to take into account the nature of the conduct and any other pertinent considerations. In the Matter of Hannah UU., the Third Department assessed whether the evidence of the prior finding "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [that parent's] care." Hannah UU., 300 A.D.2d 942, 944 (3rd Dept., 2002) (citations omitted) The Third Department further reasoned that "where the nature of the direct abuse, notably its duration [and] the circumstances surrounding its commission evidences fundamental flaws in the respondent's understanding of the duties of parenthood, the derivative finding may be justified if the prior finding was so proximate in time to the derivative proceeding, 'that it can reasonably be concluded that the condition still exists.'" Id. at 944, citing Matter of Tiffany AA., 268 A.D.2d 818 (3rd Dept., 2000).
This Court finds that the respondent mother's previous abusive conduct towards her
infant, Edwin, is so proximate in time to this derivative proceeding that a finding of abuse is
warranted. The respondent's abusive conduct, repeatedly violently shaking and dropping
him over a three month period, ended a mere seven months before the subject child Damaris Makiela was born. Furthermore, the mother did not seek medical attention for Edwin despite knowing he was injured, and when Edwin was finally brought to the hospital in June 2003, the respondent disappeared, admittedly fleeing from the police.
 In addressing derivative findings, Judge Schecter in Matter of Marino S., 181 Misc2d 264, 276 (N.Y. Fam. Ct., N.Y. Cty., 1999) held:

It is not necessary for the petitioner to prove that the siblings who were not the direct targets are likely to suffer the same injury or even a substantially similar form of mistreatment as the target child. (Matter of Patricia J., 206 A.D. 2d 847[4th Dept., 1994]). Rather, the petitioner's burden is to show only proximity in time, after which showing the burden shifts to the respondent to show any circumstances that may differentiate the target child from the other children...(Matter of James P., 137 A.D.2d 461 [1st Dept., 1988]); Matter of Daniella HH., 236 A.D.2d 715[3rd Dept., 1997].)
Respondent asserts that should this Court determine that the petitioner has met its initial burden, the respondent has shown that the condition that led to the severe abuse of Edwin no longer exists or that the circumstances now are different than those surrounding the previous finding of abuse. In support of that argument, the mother provided an affidavit detailing her involvement in services. As in Matter of Kimberly H., "it may be established that circumstances[*5] have changed, for instance, by means of a parent's participation in therapy or a parenting program. However, such participation alone, while laudable and necessary, does not by itself establish that a person with a history of abuse or neglect of her children has successfully overcome her prior inclinations or behavior patterns, despite what may be the best intentions." Matter of Kimberly H, 242 A.D.2d 35, 39 (1st Dept., 1998),In the instant case, this Court found less than three months ago, on March 18, 2004, that reasonable efforts were not required to be made to reunify the respondent mother with the subject child, Edwin, because reasonable efforts would not be in the best interests of Edwin, would not be likely to result in reunification with his mother in the foreseeable future, and would be contrary to his health and safety. This Court placed great weight on the fact that despite having been engaged in various services since 2001, the mother intentionally caused serious physical injury to her infant in the spring of 2003, and had failed thus far to follow through with appropriate and reasonable services, make any meaningful progress in her psychiatric treatment, and take her antidepressant and anticonvulsant medications regularly.
Based upon the proximity in time, the duration and nature of the mother's conduct, and a fundamental defect in her understanding of her parental duties and obligations, this Court finds that the conditions which led to the severe abuse of Edwin still exist. Accordingly, this Court enters findings of derivative abuse of the subject child, Damaris Makiela, pursuant to Family Court Act §§1012(e)(i) and (ii).
 Section 1051 (e) of the Family Court Act permits this Court to enter a finding of severe abuse as defined in paragraph (a) of subdivision eight of section 384-b of the Social Services Law in addition to entering a finding of abuse as defined in the Family Court Act. A finding of severe abuse is entered against the respondent mother, by clear and convincing evidence, pursuant to section 384-b (8)(a)(iii)( C) of the Social Services Law, by summary judgment, as there is no genuine issue of fact to be resolved at trial.
The Court of Appeals in Matter of Marino S., Jr., 100 N.Y.2d 361 (2003), held that "derivative findings of severe abuse may be 'predicated upon the common understanding that a parent whose judgment and impulse control are so defective as to harm one child in his or her care is likely to harm others as well.'" Id., at 374, citing Matter of Marino S., Jr., 181 Misc2d 264 (N.Y. Fam. Ct., N.Y. Cty., 1999). Social Services Law 384-b (a)(8)(iii)( C) specifically defines a severely abused child as including a child whose parent has been convicted of assaulting the child's sibling. Section 384-b(8)(a)(iii)( C) states, in pertinent part, that a child is severely abused by his parent if:

The parent of such child has been convicted of assault in the second degree as defined by section 120.05...[of the penal law], and the victim of any such crime was the child or another child of the parent or another child for whose care such parent is or has been legally responsible.
In the instant case, the respondent mother was convicted of the enumerated crime, namely assault in the second degree, in violation of section 120.05 (9) of the Penal Law, and the victim of said crime was Edwin L., a child of the respondent and the sibling of Damaris Makiela. Accordingly, the respondent mother severely abused the subject child Damaris Makiela, as defined by SSL 384-b(8)(a)(iii)( C).[*6]
Lastly, this Court enters an additional finding of aggravated circumstances, as defined by section 1012(j) of the Family Court Act, which defines aggravated circumstances as "where a child has been either severely or repeatedly abused, as defined in subdivision eight of section three hundred eighty-four-b of the Social Services Law."
This constitutes the decision and order of this Court.
Dated: Brooklyn, New York
June 3, 2004
________________________________
HON. BRYANNE A. HAMILL
Judge of the Family Court