■ In the Matter of REGINA P., a Child Alleged to be Neglected. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, Respondent; KATHY P., Appellant.

[798 NYS2d 124]—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Rockland County (Horowitz, J., on the order; Garvey, J., at hearing), dated January 20, 2004, which, after a fact-finding hearing, found that she had neglected the subject child and placed her under the supervision of the Rockland County Department of Social Services, Child Protective Services, for a period of one year.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the mother under the supervision of the Rockland County Department of Social Services, Child Protective Services, for a period of one year is dismissed as academic, without costs or disbursements, and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from that portion of the order of fact-finding and disposition which placed the mother under the supervision of the Rockland County Department of Social Services, Child Protective Services, for a period of one year must be dismissed as academic because that portion of the order expired by its own terms (*see Matter of Dareth O.,* 304 AD2d 667 [2003]). However, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in any future proceedings. Therefore, the appeal from so much of the order of fact-finding and disposition as determined that she neglected her child is not academic (*see Matter of Dareth O., supra*).

Contrary to the mother's contention, the petitioner established, by a preponderance of the evidence, that the subject child was educationally neglected (*see Matter of Amanda K.,* 13 AD3d 193 [2004]).

The mother's remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.