■ In the Matter of MAITHSA EDOURD S., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SER-VICES, Respondent; ROSE P., Appellant. (Proceeding No. 1.) In the Matter of ERNESTO G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ROSE P., Appellant. (Proceeding No. 2.) [811 NYS2d 117]—

In two related child protective proceedings pursuant to Fam-

ily Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Kings County (Danoff, J.), dated March 23, 2005, which, after a hearing, found that she abused the child Maithsa Edourd S. and derivatively neglected the child Ernesto G.

Ordered that the fact-finding order is affirmed, without costs or disbursements.

In a child protective proceeding pursuant to Family Court Act article 10, a finding that a child is abused or neglected must be supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1 [1985]). Contrary to the mother's contention, the out-of-court statements of the child Maithsa Edourd S. were sufficiently corroborated by other evidence, including medical records, the mother's admissions, and the caseworkers' personal observations, to establish that she was abused by the mother (see Family Ct Act § 1046 [a] [vi]; [b] [i]; Matter of Frank F., 12 AD3d 601 [2004]; Matter of Khadryah H., 295 AD2d 607, 608 [2002]). The Family Court's finding on credibility is entitled to great weight, and we find no reason to disturb its determination of the facts (see Matter of Rico D., 19 AD3d 416 [2005]; Matter of Frank F., supra).

Moreover, as evidence of the mother's conduct toward Maithsa Edourd S. demonstrated a fundamental defect in her understanding of the duties of parenthood, the Family Court properly found that the mother had derivatively neglected her other child, Ernesto G. (see Family Ct Act § 1046 [a] [i]; [b] [i]; Matter of Samantha B., 5 AD3d 590, 591 [2004]; Matter of Nicole G., 274 AD2d 478 [2000]). Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.