■ In the Matter of AMBER C., an Infant. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLES C. et al., Appellants. [831 NYS2d 478]—

In a child protective proceeding pursuant to Family Court Act article 10, (1) the father and the mother separately appeal from an order of the Family Court, Dutchess County (Forman, J.), entered July 9, 2004, which found that they derivatively neglected the subject child, (2) the father appeals from an order of fact-finding and disposition of the same court, entered October 13, 2004, which, inter alia, found that the subject child was a derivatively neglected child within the meaning of Family Court Act § 1012 (f) (i) (B), placed the father under the petitioner's supervision for a period of up to 12 months effective August 25, 2004, and placed the subject child in the petitioner's custody for a period of up to 12 months effective August 25, 2004, and (3) the mother appeals from an order of fact-finding and disposition of the same court, also entered October 13, 2004, which, inter alia, found that the subject child was a derivatively neglected child within the meaning of Family Court Act § 1012 (f) (i) (B), placed the mother under the petitioner's supervision for a period of up to 12 months effective August 25, 2004, and placed the subject child in the petitioner's custody for a period of up to 12 months effective August 25, 2004.

Ordered that the appeals from the order entered July 9, 2004, are dismissed, without costs or disbursements, as the order was superseded by the orders of fact-finding and disposition; and it is further,

Ordered that the appeals from so much of the orders of fact-finding and disposition as placed the parents under the petitioner's supervision for a period of up to 12 months and placed the subject child in the petitioner's custody for a period of up to 12 months, effective August 25, 2004, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the orders of fact-finding and disposition as placed the parents under the petitioner's supervision for a period of up to 12 months and placed the subject child in the petitioner's custody for a period of up to 12 months, effective August 25, 2004, must be dismissed as academic, as those portions of the orders have expired by their own terms (*see Matter of Daqwuan G.*, 29 AD3d 694, 695 [2006]; *Matter of Regina P.*, 19 AD3d 698, 699 [2005]; *Matter of Dareth O.*, 304 AD2d 667, 668 [2003]). However, the adjudications of derivative ne-

glect constitute stigmas which might indirectly affect the parents' status in any future proceedings. Therefore, the appeals from so much of the orders of fact-finding and disposition as determined that the respective parents derivatively neglected the subject child are not academic (*see Matter of Daqwuan G., supra; Matter of Regina P., supra; Matter of Dareth O., supra*).

"In a child protective proceeding pursuant to Family Court Act article 10, a finding that a child is abused or neglected must be supported by a preponderance of the evidence" (*Matter of Maithsa Edourd S.*, 27 AD3d 475, 476 [2006]; *see* Family Court Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]). "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of . . . the respondent" (Family Court Act § 1046 [a] [i]). "Even in the absence of direct evidence of actual abuse or neglect of a second child, a derivative finding of neglect should be made where the evidence as to the directly abused or neglected child demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care, thereby making such a child neglected under Family Court Act § 1012 (f) (i) (B)" (*Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534 [1997]; *see Matter of Ramsay M.*, 17 AD3d 678, 679 [2005]). "The focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood" (*Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d 694, 694 [1993]; *see Matter of Diamond K.*, 31 AD3d 553, 554 [2006]; *Matter of Maithsa Edourd S., supra; Matter of Jasmine A.*, 18 AD3d 546, 549 [2005]). Where the nature of the neglect, notably its duration and the circumstances surrounding its commission "evidence[s] fundamental flaws in the respondent's understanding of the duties of parenthood . . . the derivative finding may be justified if the prior finding was so proximate in time to the derivative proceeding, that it can reasonably be concluded that the condition still exists" (*Matter of Hannah UU.*, 300 AD2d 942, 944 [2002] [internal quotations omitted]; *see Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001]; *Matter of Cruz*, 121 AD2d 901, 902-903 [1986]). " 'In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future' " (*Matter of Baby Boy W., supra* at 585, quoting *Matter of Cruz, supra* at 903; *see Matter of Hannah UU, supra* at 944).

The mother and the father admitted to neglecting the subject

child's four siblings in September and November 2002 respectively, based, inter alia, on their failure to maintain a safe and sanitary home and their failure to ensure that one of the children attended school. These admissions demonstrated a "fundamental defect in the parent's understanding of the duties of parenthood" (*Matter of Dutchess County Dept. of Social Servs. v Douglas E. III, supra* at 694; *see Matter of Diamond K., supra* at 554; *Matter of Maithsa Edourd S., supra* at 476; *Matter of Jasmine A., supra* at 549). As the findings of neglect were entered nine and seven months, respectively, prior to the subject child's birth and the commencement of this derivative neglect proceeding, "the prior finding was so proximate in time to the derivative proceeding, that it can reasonably be concluded that the condition still exists" (*Matter of Hannah UU., supra* at 944; *see Matter of Baby Boy W., supra* at 585). Thus, the condition "is presumed to exist currently and [the parents] ha[d] the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future' " (*Matter of Baby Boy W., supra* at 585, quoting *Matter of Cruz, supra* at 903; *see Matter of Hannah UU., supra* at 944). While the evidence established that the parents did improve the condition of their home, they failed to meet their burden of demonstrating that the circumstances leading to the prior findings "cannot reasonably be expected to exist currently or in the foreseeable future' " (*Matter of Baby Boy W., supra* at 585, quoting *Matter of Cruz, supra* at 903; *see Matter of Hannah UU., supra* at 944). Additionally, the parents' failure to complete the programs required of them by the prior orders of disposition and the recommendations made following the resulting evaluations support the Family Court's determination (*see Matter of Jocelyn S.,* 30 AD3d 273, 273 [2006]; *Matter of Hunter YY.,* 18 AD3d 899, 899-900 [2005]; *Matter of Sharonda S.,* 301 AD2d 532, 534 [2003]; *Matter of Daequan FF.,* 243 AD2d 922, 922-923 [1997]; *see also Matter of Marquise EE.,* 257 AD2d 699, 701 [1999]; *cf. Matter of Keith JJ.,* 295 AD2d 644, 647 [2002]).

The appellants' remaining contentions are unpreserved for appellate review or without merit. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.