Matter of Kathya V. (2007 NY Slip Op 51676(U))

[*1]

Matter of Kathya V.

2007 NY Slip Op 51676(U) [16 Misc 3d 1132(A)]

Decided on August 31, 2007

Family Court, Queens County

Richardson-Mendelson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through September 17, 2007; it will not be published in the printed Official Reports.

Decided on August 31, 2007

Family Court, Queens County
In the Matter of KATHYA V., MARLON V., and MICHELLE V., Children Under Eighteen Years of Age Alleged to be Abused by JORGE V., Respondent.
NA-16918-9/06

Edwina G. Richardson-Mendelson, J.
On September 5, 2006, the Administration for Children's Services (hereinafter, "ACS") filed a petition alleging that the respondent Jorge V. sexually abused two foster children in his care, Kimberly C. and Jocelyn C. and that such acts constitute derivative abuse and/or neglect of the subject children here, the respondent's biological children Kathya V., born on October 9, 1999, who is the sister of Kimberly C. and Jocelyn C., their mother being Illia C., and Marlon V., born on January 23, 2002 to the respondent and Gloria V. On December 28, 2006, ACS filed an additional petition with the same allegations regarding a third biological child of the respondent and Gloria V., Michelle V., who was born on November 9, 2006, after the original petition was filed. The petitions allege, in pertinent part, that the subject biological children
"1. Are children under the age of eighteen years whose parent or other person legally responsible for (his) (her) care committed or allowed to be committed a sex offense against such children as defined in Article 130 of the Penal Law or allowed the children to engage in conduct described in Article 263 of the Penal Law in that:
a. According to Officer Scianablo of the 105th precinct, KIMBERLY and JOCELYN C. (age 13) report that the respondent forced them to engage in oral sex multiple times for the last 8 months while they were foster children in his care.
b. According to Officer Scianablo of the 105th precinct, KIMBERLY and JOCELYN C. (age 13) report that the respondent forced them to engage in vaginal sexual intercourse. They report that the respondent forcibly touched their breasts and vaginal areas on multiple occassions [sic].
c. According to Officer Scianablo of the 105th precinct, the respondent, JORGE V., made an oral and written admission to having oral sex with both KIMBERLY and JOCELYN C. (age 13) at [*2]least three times a week for approximately the last eight months while they were foster children in his care.
d. According to Officer Scianablo of the 105th precinct, the respondent, JORGE V., made an oral and written admission to having vaginal sexual intercourse with KIMBERLY and JOCELYN C. (age 13) on two occassions [sic] while they were foster children in his care.
The respondent JORGE V., committed the aforementioned acts in violation of sections 130.50, 130.52, 130.55, 130.60, 130. [sic] and 130.75 of the Penal Code, in that respondent forcibly touched, sexually abused, and had sexual contact with children under the age of 13 years."
The petitions claim that as a result of the foregoing alleged acts of sexual abuse inflicted upon the children Kimberly C. and Jocelyn C., the subject children Kathya, Marlon and Michelle are derivatively abused and/or neglected within the meaning of Article 10 of the Family Court Act.
Procedural History
On September 5, 2006, the day the initial Family Court child abuse/neglect petitions regarding the children Kathya and Marlon were filed, the court conducted a hearing pursuant to Family Court Act §1027. At the conclusion of the hearing the court released the child Marlon to the care and custody of his non-respondent mother, and placed the child Kathya, whose mother was subject to an unrelated child neglect case involving Kathya, in foster care. This court also issued a Temporary Order of Protection requiring that the respondent have no contact with the children. On December 28, 2006, the date the petition as to the child Michelle was filed, the court released that child to the care and custody of her mother and issued a temporary order of protection with the same terms and conditions as contained in the siblings' order issued on September 5, 2006. Since the child protective petitions filed regarding the children are identical, this court has consolidated all matters involving the subject children.
On August 27, 2006, a criminal complaint was filed against the respondent alleging that between January 2006 and July, 2006 he forcibly inserted his penis into then twelve-year-old Jocelyn C.'s mouth and vagina. The complaint indicated that the oral sexual contact occurred three to four times weekly. The complaint further alleges that between January and August 2006, he forcibly inserted his penis into then twelve-year-old Kimberly's mouth and vagina and that the oral sexual contact occurred three to four times weekly.
On January 8, 2007, in Queens County Supreme Court, the respondent pleaded guilty and was convicted on two counts of rape in the first degree in violation of Penal Law §130.35. On January 26, 2007, the respondent was sentenced to a period of nine years' incarceration for each count, the sentences to run concurrently, with five years of post-release supervision. Twelve-year orders of protection expiring on January 26, 2019 were issued against him requiring that he have no contact with the children Kimberly and Jocelyn C. As a result of these convictions, the respondent is classified as a sexual offender which requires that he register as such.
On July 12, 2007 ACS moved for summary judgment in this case pursuant to CPLR §3212, seeking a finding of child abuse and/or neglect as to all the subject children pursuant to Article 10 of the Family Court Act. In its motion, ACS argues that the respondent's conviction on [*3]charges of rape in the first degree resolves all factual issues in this case and therefore ACS is entitled to summary judgment on the issue of whether the respondent's biological children are derivatively abused or neglected. The motion is supported by the following documentary evidence: 1) copies of the verified Family Court child abuse/neglect petitions, 2) a certified copy of the criminal complaint filed against the respondent in this matter, 3) a copy of the Superior Court information and waiver of grand jury for the respondent, 4) a copy of the certified transcript of respondent's guilty plea entered before the Supreme Court, Queens County, 5) a copy of a sealed certificate of disposition certifying the respondent's conviction by guilty plea to two charges of first degree rapepursuant to Penal Law §130.35 and of his resulting sentence of imprisonment, and 6) copies of orders of protection issued by the Supreme Court against the respondent on behalf of the children Kimberly and Jocelyn.
The respondent submitted responsive papers in opposition to the motion, seeking that this court issue findings of neglect only and that no abuse findings be made. The child Marlon's law guardian opposes the summary judgment motion to the extent that he seeks only a finding of neglect as to the child Marlon. The child Michelle's law guardian supports the summary judgment motion in its entirety. The child Kathya's law guardian also submitted papers in full support of the motion.
Discussion
Summary judgment pursuant to C.P.L.R. §3212 is an appropriate procedure to utilize in Family Court Act article 10 child protective proceedings. Although the Family Court Act contains no specific provisions for the use of summary judgment, Family Court Act §165(a) provides that "the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved." The Court of Appeals has held that in child protective cases where there are clearly no substantial triable issues of fact, the family court may dispense with a fact-finding hearing and summary judgment may be used. Matter of Suffolk County DSS o/b/o Michael V. v. James M. 83 NY2d 178 (1994).
The issues ultimately to be determined in this matter are whether the subject children, of whom the respondent is the biological father, are abused children pursuant to Family Court Act §1012(e)(iii) and/or neglected children pursuant to Family Court Act §1012(f) as a result of the respondent's acts toward the children Kimberly and Jocelyn, who were in his care as foster children.
Family Court Act §1012(e) defines an abused child as
a child less than 18 years of age whose parent or other person legally responsible for his care (iii) commits, or allows to be committed an offense against such child defined in article one hundred thirty of the penal law....
The court takes judicial notice of the fact that rape in the first degree is one of the offenses defined in article one hundred thirty of the penal law.
Pursuant to Family Court Act §1046(b), the petitioner has the burden to establish abuse or neglect by a preponderance of the evidence. To prove its case, ACS seeks to employ the doctrine of collateral estoppel to preclude the factual issue of the abuse of the subject children by offering proof of the sexual abuse of Kimberly and Jocelyn from the criminal proceedings on this issue. The criminal conviction, having been obtained by proof beyond a reasonable doubt - a [*4]standard greater than the preponderance standard to be applied by this court - can be used to collaterally estop the factual issue of abuse of Kimberly and Jocelyn in this case provided that the abuse issue resolved in the criminal proceedings is identical to the issue to be resolved by the family court.
Finding that the Respondent Sexually Abused Kimberly and Jocelyn
ACS, seeking to assert collateral estoppel here, has clearly satisfied its burden to establish that the factual issue resolved in the respondent's criminal case regarding his behavior toward Kimberly and Jocelyn is identical to the factual issue of sexual abuse of Kimberly and Jocelyn involved in this family court matter. Because the Family Court Act §1012(e) definition of an abused child includes one whose parent or person legally responsible for his care commits, or allows to be committed, an offense against such child defined in article one hundred thirty of the penal law, the respondent's criminal convictions on charges of first degree rape of Kimberly and Jocelyn are conclusive proof that the respondent abused Kimberly and Jocelyn within the meaning of Family Court Act §1012(e)(iii). See Matter of Sharon E. 251 AD2d 663 (2nd Dept., 1998). Therefore, the issue of the respondent's sexual abuse of Kimberly and Jocelyn is not in dispute and there is no need for a fact-finding hearing on this issue. The issue remains, then, whether the respondent's abuse of Kimberly and Jocelyn constitutes derivative abuse as to the subject biological children.
Derivative Abuse of Kathya, Marlon and Michelle
There are no additional facts in dispute that bear on whether Kathya, Marlon, and Michelle are derivatively abused or neglected children. Therefore, the issue of derivative abuse or neglect is a legal one susceptible to resolution by summary judgment.
Family Court Act §1046(a)(i) provides that proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent. It is well-established that sexual abuse of a child in the home can be the basis for a finding of derivative neglect as to other children in the home who are not the direct target of the sexual abuse where the abuse evinces a flawed understanding of parental duties and judgment. See Matter of Abigail S., 21 AD2d 380 (2nd Dept., 2005). The appellate courts in this state have also permitted derivative findings of child abuse in appropriate cases. See Matter of Daniel W., 37 AD3d 842 (2nd Dept., 2007) and Matter of Priscilla Cruz, 121 AD2d 901, 503 NYS2d 798 (1st Dept., 1986) "Derivative findings in Article 10 proceedings are predicated upon the common understanding that a parent whose judgment and impulse control are so defective as to harm one child in his or her care is likely to harm others as well." In re Custody and Guardianship of Marino S., Jr., 181 Misc 2d 264, 693 NYS2d 822 (Family Court, New York County, 1999), Affirmed 293 AD2d 223, 741 NYS2d 207 (1st Dept., 2002), affirmed 100 NY2d 361 (1999). Children who are not direct targets of child abuse are considered likely to suffer long term consequences from seeing their siblings mistreated. Marino S., Jr. The respondent's rape of then 12-year-old Kimberly and Jocelyn shows such poor judgment and flawed understanding of his role as an adult caretaker of the subject children that any child in his care - including his biological children Kathya and Marlon, with whom he lived in the same home when he sexually abused Kimberly and Jocelyn, and the after-born Michelle - would be at serious risk of harm.
[*5]
The court finds that the acts of the respondent constitute derivative abuse of the subject children. The respondent's behavior with respect to Kathya is especially troubling because Kathya already endured the trauma of being neglected by her mother and being removed from her mother's care. By the respondent's abuse of Kathya's sisters, Kimberly and Jocelyn, he has exacerbated the mistreatment to which Kathya has been subjected. His willingness to so compound the mistreatment of Kathya provides further support for this court's conclusion that his understanding of his role as caretaker of the children is severely flawed.
Even though she was born after the abuse of Kimberly and Jocelyn, the court finds authority for making a derivative abuse finding with respect to Michelle in In re James P., 137 AD2d 461 (1st Dept., 1988), in which the court held, "[w]here the conduct which formed the basis for a finding of abuse as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists, a finding of abuse should be made as to the surviving child." In re James P., at 464. Michelle's birth was close in time to the respondent's abuse of the other girls in his care, subjecting Michelle to the same risk of harm resulting from the respondent's poor judgment and impulse control as the other subject children. Derivative findings of abuse as to all the subject children are clearly warranted in this matter.
Decision
There indeed are no material triable issues of fact in this matter. This Court hereby grants ACS's motion for summary judgment and enters a finding of child abuse as to all the subject children pursuant to Family Court Act §1012(e)(iii). The court makes these findings based upon the respondent's violation of Penal Law §130.35 as to the children Jocelyn and Kimberly upon which derivative abuse findings as to the children Kathya, Marlon and Michelle may be properly made.
This constitutes the decision and order of the court.
ENTER:
_____________________________________
EDWINA G. RICHARDSON-MENDELSON
Judge of the Family Court
Dated:Jamaica, New York
August 31, 2007