■ In the Matter of JAMARRA S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA S., Appellant. [925 NYS2d 531]—

In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated April 5, 2010, which, after a fact-finding and dispositional hearing, found that the mother derivatively neglected the subject child and placed the child under the supervision of the Suffolk County Department of Social Services, subject to certain conditions.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The subject of this derivative neglect proceeding, Jamarra S., was born approximately eight months after a finding of perma-

nent neglect was made against the mother as to the subject child's sibling. The finding of permanent neglect was based, in part, upon the mother's failure to comply with court-mandated directives to facilitate the return of the sibling to her care and her failure to visit with the sibling once in foster care.

Jamarra S. (hereinafter the subject child) was born prematurely on August 29, 2009, and suffered from serious medical complications, including a compromised immune system that required her to remain in the hospital for more than two months following her birth. Shortly after her birth, the subject child was temporarily removed from the mother's care due, in part, to the mother's lack of suitable housing. A petition alleging neglect and derivative neglect was subsequently filed against the mother. After a fact-finding and dispositional hearing, at which the caseworker and the mother testified, the Family Court found that the Suffolk County Department of Social Services (hereinafter the DSS) had established, by a preponderance of the evidence, that the subject child was derivatively neglected. We agree.

In determining whether a child born after underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the "determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (*Matter of Cruz*, 121 AD2d 901, 902-903 [1986]; *see Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076 [2011]; *Matter of Amber C.*, 38 AD3d 538, 541 [2007]; *Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Cruz*, 121 AD2d at 903; *see Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076 [2011]; *Matter of Amber C.*, 38 AD3d at 541; *Matter of Baby Boy W.*, 283 AD2d at 585).

Here, the conduct which formed the basis for the finding of permanent neglect as to the subject child's older sibling occurred only eight months prior to the subject child's birth. Therefore, the conduct was so proximate in time to this derivative neglect proceeding that it can reasonably be concluded that the condition still exists (*see Matter of Amber C.*, 38 AD3d at 541). "Since the [mother] failed to present any evidence to either rebut the petitioner's prima facie case or establish that the condition leading to that neglect finding as to the other child no

longer existed," the derivative neglect finding was proper (*Matter of Baby Boy W.*, 283 AD2d at 585; *see Matter of Amber C.*, 38 AD3d at 541; *Matter of Cruz*, 121 AD2d at 902-903). Additionally, the mother's failure to complete the court-mandated programs ordered by the prior order of disposition supports the Family Court's determination (*see Matter of Amber C.*, 38 AD3d at 541).

The Family Court's order of disposition, which, inter alia, continued the subject child's placement with the DSS and required the mother to complete, inter alia, a mental health evaluation and obtain suitable housing, was in the child's best interests (*see* Family Ct Act § 1052 [a] [iii]; § 1055 [b], [c]; § 1056; *Matter of Nyece M. [Rommel M.]*, 83 AD3d 718 [2011]). Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.