■ In the Matter of CAMERON K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SAMUEL MARTIN, Appellant, et al., Respondent. [987 NYS2d 611]—

In a child neglect proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Richmond County (Wolff, J.), dated August 15, 2013, which denied his motion to vacate an order of fact-finding and disposition of the same court dated May 18, 2012, which, upon his default in appearing at the continuation of the fact-finding hearing, and after fact-finding and dispositional hearings, found that he derivatively neglected the subject child and, inter alia, placed the subject child in the custody of the Commissioner of Social Services of Richmond County.

Ordered that the order dated August 15, 2013, is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in denying the father's motion to vacate an order of fact-finding and disposition entered upon his failure to appear at the continuation of the fact-finding hearing. In a child protective proceeding pursuant to Family Court Act article 10, a parent or other person legally responsible for a child's care not present at the hearing of the petition may move to vacate an order of disposition and schedule a rehearing. "Such motion shall be granted on an affidavit showing . . . a meritorious defense to the petition, unless the court finds that the parent or other person wilfully refused to appear at the hearing, in which case the court may deny the motion" (Family Ct Act § 1042; *see Matter of Tahanie S. [Ramon A.]*, 97 AD3d 751, 753-754 [2012]).

Here, the father failed to show a meritorious defense to the petition. Contrary to the father's contentions, the nature of his neglect evidenced "fundamental flaws in [his] understanding of the duties of parenthood," and a derivative finding of neglect is justified because the prior finding "was so proximate in time to the derivative proceeding . . . that it can reasonably be concluded that the condition still exists" (*Matter of Hannah UU.*, 300 AD2d 942, 944 [2002] [internal quotation marks omitted]; *see Matter of Amber C.*, 38 AD3d 538, 540 [2007]). Skelos, J.P., Dillon, Roman and Maltese, JJ., concur.