■ In the Matter of MADISON B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DANIEL B., Appellant. [999 NYS2d 496]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated November 20, 2013. The order, after fact-finding and dispositional hearings, found that the father neglected the subject child and released the child to the custody of the mother.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Administration for Children's Services (hereinafter ACS) commenced this neglect proceeding, alleging that the father had neglected the subject child. The allegation of neglect was based in part on a finding of the Family Court that, prior to the subject child's birth, the father had neglected the subject child's two older siblings.

"In determining whether a child born after underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the 'determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists' " (Matter of Jamarra S. [Jessica S.], 85 AD3d 803, 804 [2011], quoting Matter of Cruz, 121 AD2d 901, 902-903 [1986]; see Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077 [2011]). If such a showing is made, " 'the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future' " (Matter of Jamarra S. [Jessica S.], 85 AD3d at 804, quoting Matter of Cruz, 121 AD2d at 903).

Here, the conduct which formed the basis for the Family Court's finding that the father neglected the subject child's two older siblings was "so proximate in time to [this proceeding] that it can reasonably be concluded that the condition still ex-

ists" (*Matter of Jamarra S. [Jessica S.]*, 85 AD3d at 804; *see Matter of Jamel T. [Gemayel T.]*, 120 AD3d 504 [2014]), and the father failed to complete the programs mandated by the prior order of disposition relating to the older siblings (*see Matter of Shay-Nah FF. [Theresa GG.]*, 106 AD3d 1398, 1400-1401 [2013]; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803 [2011]; *Matter of Amber C.*, 38 AD3d 538 [2007]; *Matter of Hannah UU.*, 300 AD2d 942, 944 [2002]). Thus, ACS demonstrated that the father derivatively neglected the subject child, and because the father " 'failed to present any evidence to either rebut [ACS's] prima facie case or establish that the condition leading to [the] neglect finding as to the other child[ren] no longer existed,' " the derivative neglect finding was proper (*Matter of Jamarra S. [Jessica S.]*, 85 AD3d at 804-805, quoting *Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001]; *see Matter of Amber C.*, 38 AD3d at 541; *Matter of Cruz*, 121 AD2d at 902-903).

Furthermore, "[t]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Kinara C. [Jerome C.]*, 89 AD3d 839, 841 [2011]), upon " 'a balanced consideration of all relevant factors' " (*Matter of Kinara C. [Jerome C.]*, 89 AD3d at 841, quoting *Matter of Sicurella v Embro*, 31 AD3d 651, 651 [2006]; *see Matter of Latrell S. [Christine K.]*, 80 AD3d 618, 619 [2011]). Here, the Family Court providently exercised its discretion in denying the application of the father's attorney for an adjournment of the fact-finding and dispositional hearings (*see Matter of N. [Fania D.—Alice T.]*, 108 AD3d 551, 552-553 [2013]; *Matter of Winfield v Gammons*, 105 AD3d 753, 754 [2013]; *Matter of O'Leary v Frangomihalos*, 89 AD3d 948, 949 [2011]; *see also Matter of Steven B.*, 24 AD3d 384, 385 [2005], *affd* 6 NY3d 888 [2006]). Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.