■ In the Matter of ARYELLE F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ESPERANZA F., Appellant. [48 NYS3d 781]—

Appeals by the mother from (1) an order of fact-finding of the Family Court, Queens County (Marybeth S. Richroath, J.), dated November 17, 2015, and (2) an order of disposition of that court dated November 30, 2015. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child. The order of disposition, insofar as appealed from, was entered upon the order of fact-finding.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother had neglected the subject child. The allegation of neglect was based in part on a finding of the Family Court, Nassau County, that prior to the child's birth, the mother had neglected the child's older half-sibling.

"In determining whether a child born after underlying acts

of abuse or neglect should be adjudicated derivatively abused or neglected, the 'determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists' " (*Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011], quoting *Matter of Cruz*, 121 AD2d 901, 902-903 [1986]; *see Matter of Madison B. [Daniel B.]*, 123 AD3d 1027 [2014]; *Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 679 [2014]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Cruz*, 121 AD2d at 903; *see Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076, 1077 [2011]; *Matter of Amber C.*, 38 AD3d 538, 540 [2007]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Iris G. [Angel G.]*, 144 AD3d 908, 909 [2016]; *Matter of Kyra S. [Kirtan D.S.]*, 128 AD3d 970, 971 [2015]).

Here, the petitioner established that the child was derivatively neglected by the mother. The petitioner demonstrated, among other things, that the mother failed to complete a parenting program and stopped attending counseling as required by the order of disposition issued in connection with the prior neglect finding against her, and that the conduct that formed the basis of that neglect finding was sufficiently proximate in time to this proceeding such that it can reasonably be concluded that the condition still exists (*see Matter of Dayyan J.L. [Autumn M.]*, 131 AD3d 1243, 1245 [2015]; *Matter of Madison B. [Daniel B.]*, 123 AD3d at 1027-1028; *Matter of Cruz*, 121 AD2d at 902-903). The mother failed to establish by a preponderance of the evidence that the condition cannot reasonably be expected to exist currently or in the foreseeable future (*see Matter of Amber C.*, 38 AD3d at 541; *Matter of Cruz*, 121 AD2d at 903).

Accordingly, the Family Court properly found that the mother derivatively neglected the child. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.