Matter of William Maragh E. (Shaunette W.--Leroy R.) (2018 NY Slip Op 01537)





Matter of William Maragh E. (Shaunette W.--Leroy R.)


2018 NY Slip Op 01537


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Renwick, J.P., Richter, Andrias, Kapnick, Kahn, JJ.


5919 5918

[*1]In re William Maragh E., etc., A Child Under the Age of Eighteen Years, Shaunette W., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Leroy R., Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for respondent.
Larry S. Bachner, New York, attorney for the child.



Order, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about May 12, 2017, which, to the extent appealed from, granted petitioner agency's motion for summary judgment on the claim of derivative neglect as against respondent Shaunette W., unanimously affirmed, without costs.
Petitioner made a prima facie showing of derivative neglect as to the subject child through prior orders, issued just three months before this neglect proceeding was commenced, terminating respondent's parental rights to her three older children upon a finding by clear and convincing evidence that she had permanently neglected them (see Family Court Act § 1046[a][i]; Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 604 [1st Dept 2015]; Matter of Cruz, 121 AD2d 901 [1st Dept 1986]). The orders underlying the termination of respondent's parental rights, issued in 2007 and 2011, found that respondent neglected two of the children by reason of her failure to treat her longstanding mental illness (see Social Services Law § 384-b[4][c]). In support of its motion, petitioner also submitted a caseworker's affidavit demonstrating that respondent continued to show a lack of insight into the conditions that had led to the older children's removal and that she needed direction in handling the subject child.
In opposition, respondent failed to rebut the resulting presumption that she continues to suffer from a mental illness that renders her unable to care for a child for the foreseeable future (see Matter of Noah Jeremiah J. [Kimberly J.], 81 AD3d 37, 42 [1st Dept 2010]; Matter of Phoenix J., 129 AD3d at 604; Matter of Takia B. [Antoine N.], 73 AD3d 575, 576 [1st Dept 2010]). Respondent relied on the testimony of a psychologist who testified at a hearing on her application for the return of the child (see Family Court Act § 1028) that she was currently stable, that she reported that she was attending therapy regularly, and that she handled the infant child very well during a 30-minute session. The psychologist also acknowledged respondent's long history of serious mental illness with violent outbursts and psychotic episodes and that respondent was not taking any medication and would not do so. Even if respondent's condition improved in the three months between the termination of her parental rights to the three older children and the commencement of this proceeding, the evidence of her long-term failure to comply with medical treatment for her mental illness demonstrates, as a matter of law, a [*2]" fundamental defect in [her] understanding of the duties of parenthood'" that renders her unable to care for a child for the foreseeable future (Matter of T-Shauna K., 63 AD3d 420, 420 [1st Dept 2009]; see Matter of Noah Jeremiah J., 81 AD3d at 42; see generally Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK