Matter of Victoria B. (Jonathan M.) (2018 NY Slip Op 03829)





Matter of Victoria B. (Jonathan M.)


2018 NY Slip Op 03829


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-03144
 (Docket Nos. N-1206-15, N-1207-15)

[*1]In the Matter of Victoria B. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Jonathan M. (Anonymous), appellant, et al., respondent.


Carol Carozza, New Rochelle, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste of counsel), for petitioner-respondent.
Lisa F. Colin, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Arlene E. Katz, J.), dated March 9, 2017. The order, insofar as appealed from, after a hearing, found that the father neglected and derivatively neglected the subject child and directed that she remain in the custody of the Commissioner of Social Services of Westchester County.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject child was removed from the care and custody of her biological parents and placed in the custody of the Commissioner of Social Services of Westchester County shortly after her birth. By amended petition, the Westchester County Department of Social Services (hereinafter the DSS) alleged that the father had neglected and derivatively neglected the child. Following fact-finding and dispositional hearings, the Family Court determined that the child was a neglected and derivatively neglected child and directed that she remain in the custody of the Commissioner of Social Services of Westchester County. The father appeals.
Contrary to the father's contention, the DSS established by a preponderance of the evidence that his conduct with respect to the subject child constituted neglect, since he placed the child at imminent risk of harm by planning for her to live with the mother despite his knowledge of the mother's long and continuing history of drug misuse, her noncompliance with drug treatment, and a recent adjudication that she had neglected the child's brother (see generally Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368). Moreover, the DSS established by a preponderance of the evidence that the father's conduct with respect to the child's brother "demonstrate[d] such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the father's] care," such that an adjudication of derivative neglect with respect to the subject child was warranted (Matter of Iris G. [Angel G.], 144 AD3d 908, 908; see Matter of [*2]Aryelle F. [Esperanza F.], 148 AD3d 1014, 1015; Matter of Jamel T. [Gemayel T.], 120 AD3d 504, 505; Matter of Brian I., 51 AD3d 792, 793; Matter of Amber C., 38 AD3d 538, 541; cf. Matter of Delilah D. [Richard D.], 155 AD3d 723). In response, the father did not "establish by a preponderance of the evidence that the condition cannot reasonably be expected to exist currently or in the foreseeable future" (Matter of Aryelle F. [Esperanza F.], 148 AD3d at 1015). Furthermore, we agree with the Family Court's determination that, based on the current information regarding the father's capacity to properly supervise the child, it was in the child's best interests to remain in the custody of the Commissioner of Social Services of Westchester County (see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 774).
The father's remaining contentions are without merit.
Accordingly, we agree with the Family Court's finding that the father neglected and derivatively neglected the subject child and its directive that she remain in the custody of the Commissioner of Social Services of Westchester County.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court